[No. 3065. Decided October 17, 1898.]

THE STATE OF WASHINGTON, *on the Relation of John R. Rogers, Governor,* v. WILL D. JENKINS, *Secretary of State.*

PARDONING POWER — AUTHORITY OF GOVERNOR — MANDAMUS TO SEC-
RETARY OF STATE.

Laws 1897, p. 49 (Bal. Code, §§ 204-208), creating a board of pardons, does not abrogate the pardoning power conferred on the governor by art. 3, § 9, of the constitution, and a writ of mandate will issue to compel the secretary of state to perform the ministerial duty of attesting the signature and affixing the great seal to a pardon granted by the governor, although the board of pardons had recommended a commutation of the sentence, and not a full pardon.

*Original Application for Mandamus.*

*Thomas M. Vance,* for relator.
*C. G. Heifner,* for respondent.

The opinion of the court was delivered by

REAVIS, J.—This is an application by the governor to compel the secretary of state to attest the signature and affix the great seal of the state to a pardon, made by the governor, of one Davis, convicted of a felony and imprisoned in the state penitentiary. The secretary refused, because he did not deem the pardon justified by law; that is, the board of pardons had recommended a commutation of the sentence of Davis, and not a full pardon, and that

the power of the governor to pardon is limited to the recommendation of the board of pardons.

The pardoning power is vested in the governor.    Section 9, article 3, Constitution, declares:

" The pardoning power shall be vested in the governor, under such regulations and restrictions as may be prescribed by law."

Section 11, same article, prescribes:

" The governor shall have power to remit fines and forfeitures, under such regulations as may be prescribed by law, and shall report to the legislature at its next meeting each case of reprieve, commutation, or pardon granted, and the reasons for granting the same."

The authority to regulate and restrict does not confer the power to abrogate the executive function of pardon. Cooley, Constitutional Limitations (5th ed.), p. 136; *State ex rel. Bienvenu v. Wrotnowski,* 17 La. An. 156.

The legislature has regulated the procedure for pardons and created a board of pardons.    Laws 1897, p. 49 (Bal. Code, §§ 204-208).    By this act a board of pardons is created, and § 2 provides that all applications for pardons, or for the remission of fines and forfeitures, or commutation of sentences, before being acted upon by the governor, shall be submitted to the board for its approval, rejection or such advice thereupon as it may deem proper; and § 3 prescribes that in each case the board shall make to the governor such recommendations as it may deem just.    The legislature has evidently not attempted by this act to limit the pardoning power of the governor.    The secretary of state is by the act made a member of the board of pardons, but the secretary's duties, under § 17, art. 3, of the constitution, are to keep a record of the official acts of the legislature and of the executive department, and perform such other duties as shall be assigned him by law.    Section 2,

Laws 1890, p. 629 (Bal. Code, § 116), prescribing the duties of the secretary of state, among other things provides: " He shall keep a register of and attest the official acts of the governor," and " affix the state seal with his attestation to commissions, pardons and other public instruments to which the signature of the governor is required." The duties of the secretary here, then, are ministerial and prescribed by statute. His functions as a member of the board of pardons are entirely distinct from his duties as secretary of state, and as such secretary he is required to authenticate and affix the state seal to all pardons coming to him from the governor.

The writ of mandate will issue.

SCOTT, C. J., and DUNBAR and ANDERS, JJ., concur.

GORDON, J., not sitting.