# DUKE, MAYOR OF THE CITY OF GUTHRIE, v. TURNER.

ERROR TO THE SUPREME COURT OF THE TERRITORY OF OKLAHOMA.

No. 178. 'Argued January 24, 25, 1907.—Decided February 25, 1907.

While the authorities are in conflict as to whether a statute of limitations, without express words to that effect governs a proceeding in mandamus, such a proceeding is not, under the Oklahoma Code, a civil action and, therefore', not within the terms of the three year statute of limitations applicable to contracts created by statute; and in that Territory, if the relator is otherwise entitled to the writ, it should not be denied unless he has so slept upon his rights for such an unreasonable time that the delay has been prejudicial to the defendant or the rights of other interested parties.

The facts are stated in the opinion.

Mr. A. H. Huston, with whom Mr. L. E. Payson, Mr. William R. Benham and Mr. James Hepburn were on the brief, for plaintiff in error:

The rule, that in an action upon a municipal warrant, the statute of limitations does not commence to run against such action until there is money in the treasury to pay the same, does not apply to an action in mandamus to compel a tax levy to pay such warrant. Turner v. Guthrie, 13 Oklahoma, 26; Barnes v. Glide, 117 California, 1; Prescott v. Gonser, 34 Iowa, 175.

Even in an ordinary suit for a money judgment on a municipal warrant against the municipality issuing it such action accrues when the moneys are in the treasury to pay it, or when sufficient time has elapsed for the collection of the same, and that the statute of limitations begins to run from the time of such accrual.

In this case, it should be determined as a matter of law, that sufficient time had elapsed to collect the money at the time the first suit in mandamus was brought.

Those cases which hold that the statute of limitations does

not run against an action upon a municipal warrant, until there is money in the treasury with which to pay the same, are all based upon the proposition that the cause of action does not accrue until the money is in the treasury, or sufficient time has elapsed to collect it, but none of them go to the extent of holding that where the cause of action has accrued, and a first action actually been brought, and afterwards dismissed, and a new action commenced after the period designated in the statute had expired, that the statute does not run against such new action. It will be observed of course that the reversal, and subsequent dismissal of the first action in mandamus was not for the reason nor upon the ground that the action had not yet accrued, nor because it was prematurely brought. *Martin* v. *Gray, Receiver,* 5 Oklahoma, 188; *King Iron Bridge Co.* v. *Otoe,* 124 U. S. 459; *Lincoln County* v. *Luning,* 133 U. S. 529.

This action is upon a liability created by statute, and is barred by the three years' limitation statute. *Turner* v. *Guthrie,* 13 Oklahoma, 26; *Ryus* v. *Gruble,* 31 Kansas, 767.

This action not having been commenced within one year from the time the first action was dismissed, it is barred.

All the warrants having a fixed time of payment, an action accrued on each, when payment was not made at the fixed time. *Nash* v. *El Dorado,* 24 Fed. Rep. 252; *Barder* v. *Duluth,* 28 Fed. Rep. 14.

*Mr. Frank Dale,* with whom *Mr. A. G. C. Bierer* was on the brief, for defendants in error:

In a case of this character, where the only question involved is that of the statute of limitations, this court accepts the construction placed upon such statute by the Supreme Court of the Territory, even if the higher court might be of the opinion that probably the construction given by the courts of the Territory was not such as would be placed upon such statute if the matter were before this court to be determined independently of such construction. It is the

settled rule of this court to follow the construction placed upon local statutes of limitations by the various state and territorial courts. *Great Western Telegraph Co.* v. *Purdy,* 162 U. S. 329–339.

The rule of the Supreme Court of Oklahoma in dealing specifically with the question under consideration in *Commissioners of Greer County* v. *Clark,* 12 Oklahoma, 197, is that a municipality which issues evidence of indebtedness of the character in question cannot invoke the statute of limitations without first pleading and proving that it has provided a fund for the payment of the indebtedness. *Robertson* v. *Blaine County,* 90 Fed. Rep. 63; *Lincoln County* v. *Luning,* 133 U. S. 532. And see as applying this principle to the right of municipal corporations to plead the statute of limitations, *Grayson* v. *Latham,* 84 Alabama, 546; *Apache County* v. *Barth,* 6 Arizona, 13; *Justices* v. *Orr,* 12 Georgia, 137.

MR. JUSTICE DAY delivered the opinion of the court.

The original action was a proceeding in mandamus commenced in the District Court of Logan County, Oklahoma Territory, July 23, 1903, by Turner and Kirkwood against the mayor and councilmen of the city of Guthrie. The petitioners obtained a writ of mandamus in the District Court to compel the city officials, for the payment of certain warrants, to levy a tax upon the property of persons residing in the territory covered by various former "provisional governments," and known as Guthrie proper, East Guthrie, West Guthrie and Capitol Hill, now included in the city of Guthrie.

These warrants were issued in pursuance of a special act of the territorial legislature, approved December 25, 1890. 1 Wil. Rev. Stat. 260, 261. This act was the subject of consideration in this court, its validity was sustained and its history will be found in *Guthrie National Bank* v. *Guthrie,* 173 U. S. 528. The act is set forth in the margin of the report of that case at p. 530. The warrants sued upon are 17 in

number, all bearing the date of July 1, 1893, and maturing in various years, from July 1, 1894, to July 1, 1898, inclusive. These warrants are in the following form:

"Warrant of the City of Guthrie, Oklahoma Territory.
"$554.15.                    No. 6.
Treasurer of the City of Guthrie:
. "One year after date pay to the order of Harper S. Cunningham, receiver National Bank, Guthrie, the sum of five hundred and fifty-four and 15.100 dollars with interest thereon at the rate of six per centum per annum, from June 3, 1891, from any moneys which shall arise from special levy for the payment of city warrants issued under the provisions of chapter No. 14, of the Statutes of Oklahoma, providing for the payment of indebtedness of the provisional governments of the cities of Guthrie, East Guthrie, West Guthrie and Capitol Hill, upon the subdivision of Guthrie known as East Guthrie.

"By the order of the City Council, July 1, 1893.
                      "A. M. McElhinney, *Mayor*.
"Attest: E. G. Milliken, *City Clerk*."

The Supreme Court of the Territory preceded its opinion with the following statement:

."This is the third time that these warrants have been brought before this court. W. H. Gray, receiver of the National Bank of Guthrie, and successor to Harper S. Cunningham, on the 7th day of September, 1895, commenced a mandamus proceeding, identical with this, in the District Court of Logan County, for the purpose of compelling the then mayor and councilmen of the city of Guthrie to levy a tax to provide a fund for the payment of certain warrants; the district court allowed the writ, but the case was appealed to this court, and on the twelfth day of February, 1897, was reversed. [5 Oklahoma, 188.] After this reversal nothing whatever was done by the holder of these warrants in the way of taking any steps towards collecting them for more than four years

thereafter. But after the decision in the case of the *Guthrie National Bank* v. *The City of Guthrie* was rendered in the Supreme Court of the United States, [173 U. S. 528,] the holders of these warrants who had lain dormant during these years made another move. The old case of *Gray* v. *Martin and Spencer*, after it had been reversed and remanded, had been dropped from the docket, and on the 28th day of June, 1901, Turner and Kirkwood filed their motion as the successors in interest of Gray, to have the case redocketed, and also filed on the same day an application to have the case revived in their names, as the successors in interest of Gray, and on the same day they filed their motion to dismiss said action, which motion was sustained, and the case dismissed. Shortly after the dismissal of the original mandamus case Turner and Kirkwood brought suit against the city of Guthrie upon these same warrants, wherein a judgment against the city for the amount of the warrants was prayed for; they failed in this suit in the District Court and appealed to the Supreme Court, where the judgment of the lower court was affirmed. [13 Oklahoma, 26.]

"On the twenty-third day of July, 1903, after the final decision in this court in the case of *Turner and Kirkwood* v. *The City of Guthrie*, this mandamus proceeding was commenced against the mayor and councilmen, the same being in all respects similar to and identical with the original mandamus proceeding brought by W. H. Gray, receiver, upon the same warrants in 1895. The return and answer to the alternative writ set forth the same defense as was alleged in the return to the proceedings brought by Gray, receiver, and also alleges the bar to the action of the statute of limitations. Trial was had before the court, wherein it was agreed that the allegations set forth in the fourth answer or return of the defendants to the alternative writ are true, and which show the facts substantially as above set forth. Thereupon the court rendered judgment for the plaintiffs below, and allowed a peremptory writ of mandamus against plaintiffs in error,

from which judgment and final order the plaintiffs in error appeal to this court."

The Supreme Court of the Territory affirmed the judgment of the District Court upon the ground that the statute of limitations, which is also the defense made in the case upon which the decision of the appeal to this court turns, did not begin to run in favor of the municipal corporation upon the obligation evidenced by the warrants, until the municipality had provided funds by which payment could be made.

The authorities are much in conflict as to whether a statute of limitations, without express words to that effect, governs a proceeding in mandamus as though it were an ordinary civil action. Some of the cases hold that the statute of limitations applies which would govern an ordinary action to enforce the same right.

Other cases hold that the statute of limitations does not apply as it would to ordinary civil actions, but the relator is only barred from relief where he has slept upon his rights an unreasonable time, particularly when the delay has been prejudicial to the rights of the respondent. The cases *pro* and *con* are collected in a note to section 30*b*, High, Extraordinary Legal Remedies, 3d ed.

The question is not a new one in this court; it was under consideration in *Chapman* v. *The County of Douglas,* 107 U. S. 348. That case was a bill in equity filed September 10, 1877, to compel the county of Douglas to surrender possession of two certain tracts of land to which the county had acquired title through deed made by Chapman, March 5, 1859, or in case the county elected to retain and hold the land that it be compelled to pay the reasonable price and value thereof to the complainant. The land had been conveyed for a "poor farm." The county made a payment on the land and gave its notes, secured by mortgage, payable in one, two, three and four years. Afterwards the Supreme Court of the State decided that by the purchase of lands for such a purpose a county could not be bound to pay the purchase money at any

specified time or to secure it by mortgage upon the land, but was limited to a payment in cash and to the levy of an annual tax to create a fund wherewith to pay the residue. The notes remaining unpaid, the bill was filed in equity for the purpose above stated. In considering the nature of the relief and the applicability of the statute of limitations Mr. Justice Matthews, speaking for the court (p. 355) said:

"And if in such cases a proceeding in mandamus should be considered more appropriate, and, perhaps, the only effective remedy, it also is not embraced in the statute of limitations prescribed generally for civil actions. The writ may well be refused when the relator has slept upon his rights for an unreasonable time, and especially if the delay has been prejudicial to the defendant, or to the rights of other persons, though what laches, in the assertion of a clear legal right, would be sufficient to justify a refusal of the remedy by mandamus must depend, in a great measure, on the character and circumstances of the particular case. Chinn v. Trustees, 32 Ohio St. 236; Moses on Mandamus, 190. There is no statute of limitations in Nebraska applicable to that proceeding."

It will be observed that the learned justice refers in the citation just given to Chinn v. Trustees, 32 Ohio St. 236, and Moses on Mandamus, 190. In that treatise the author gives his preference for the English rule, that the party should suffer no unreasonable delay in the opinion and discretion of the court, as more just and equitable than the rule countenanced by some of the American cases.

The case of Chinn v. Trustees, 32 Ohio St. 236, holds that under the Ohio code there is no strict limitation as to the time wherein a writ of mandamus may be obtained, and the case is directly in point, owing to the similarity of the codes of Ohio and Oklahoma.

The statute of limitations relied upon in the case at bar is the three years' limitation, contained in second paragraph, section 18, Oklahoma Code, 2 Wilson's Rev. Stats. 973, 975, as to statutory liabilities, and section 23, regulating the time

for the beginning of a new action to one year after reversal
or failure of a former action. These sections in article 3,
"Time of Commencing Civil Actions," are as follows:

"Sec. 18. Civil actions, other than the recovery of real
property, can only be brought within the following periods,
after the cause of action shall have accrued, and not afterwards:

"First. Within five years, an action upon any contract,
agreement or promise in writing.

"Second. Within three years, an action upon a contract
not in writing, express or implied; an action upon a liability
created by statute, other than a forfeiture or penalty.

*      *      *      *      *      *      *      *

"Sec. 23. If any action be commenced within due time,
and a judgment thereon for the plaintiff be reversed, or if
the plaintiff fail in such action otherwise than upon the merits,
and the time limited for the same shall have expired, the
plaintiff, or, if he die and the cause of action survive, his
representatives may commence a new action within one year
after the reversal or failure."

The limitation to three years, said to be applicable here,
is upon an action created by statute other than forfeiture or
penalty, but this language is in a section limiting *civil actions*
other than for the recovery of real property, and the language
used in section 23 has reference to actions of like character.

The proceeding in mandamus is regulated in article 33,
Oklahoma Code, 2 Wilson Revised Statutes, 1130. That
the proceeding is not regarded as a civil action is shown in
section 694, Code, 2 Wilson, 1131, which provides that plead-
ings are to be construed and may be amended in the same
manner "as pleadings in a civil action," and issues joined,
tried, and the proceedings had, "in the same manner as in a
civil action." The Oklahoma Code (§ 687) also declares that
writs of mandamus may not be issued where there is a plain
and adequate remedy in the ordinary course of the law.

In *Chinn* v. *Trustees, ub. sup.*, Judge Scott, delivering the
opinion of the Ohio Supreme Court, said:

"The code of civil procedure limits the time within which an action can be brought 'upon a liability created by statute, other than a forfeiture or penalty' to six years. (Sec. 14.) This provision is found in title 2 of the code, the object of which is to define and prescribe 'the time of commencing civil actions.' The civil action of the code is a substitute for all such judicial proceedings as, prior thereto, were known, either as actions at law, or suits in equity. (Sec. 3.) By section 8, the limitations of this title are expressly confined to civil actions. But proceedings in mandamus were never regarded as an action at law, or a suit in equity, and are not therefore a civil action within the meaning of the code. Mandamus is an extraordinary or supplementary remedy, which cannot be resorted to if the party has any adequate, specific remedy. The code provides for and regulates this remedy, but does not recognize it as a civil action."

This language is no less applicable to the Oklahoma code. The proceeding in mandamus is not a civil action, and therefore not within the terms of the statute of limitations.

Following, then, the rule recognized and approved in *Chapman* v. *County of Douglas, supra,* the question is, should the writ be refused because the relator has slept upon his rights for an unreasonable time, and has the delay caused prejudice to the defendant, or to the rights of other interested persons?

We perceive nothing in the record to warrant that conclusion. Gray, as receiver of the National Bank of Guthrie and successor of Cunningham, to whom the warrants were payable, on September 7, 1895, began a suit in mandamus in Logan County, Oklahoma. He prevailed in that court. The case was reversed on February 12, 1897, by the Supreme Court of the Territory, 5 Oklahoma, 188, and was remanded and refiled in the District Court, April 7, 1897.

The validity of the act was in controversy in the case of *Guthrie National Bank* v. *Guthrie,* and sustained in this court, April 3, 1899, 173 U. S. 528, reversing the Supreme Court of the Territory.

On the twenty-eighth day of June, 1901, Turner and Kirkwood, as the successors in interest to Gray, having purchased the warrants, as they allege, on January 5, 1901, filed their motion to dismiss the original action, which was sustained. They then (on June 28, 1901) brought suit against the city of Guthrie for judgment upon the warrants against the city, in which they failed in the District Court, and on appeal to the Supreme Court, that court holding that the remedy, if any, was by mandamus. 13 Oklahoma, 26. On the twenty-third day of July, 1903, this mandamus proceeding was begun.

These facts do not disclose any laches in asserting their rights such as would bar the right to obtain a writ of mandamus, nor does it appear that the municipal corporation has been in anywise prejudiced by the delay. In some form legal warfare seems to have been waged for the collection of these warrants by various holders in different courts without beneficial results until the present action.

While we do not put our decision upon the same grounds as the Supreme Court of the Territory, we think its conclusion was right, and its judgment will be

*Affirmed.*