**JONES v. SNEED, Secy. of State.**

No. 14973—Opinion Filed April 15, 1924.

(Syllabus.)

**1. Mandamus—Writ Discretionary.**

Mandamus is not a writ of right, but one resting within the sound discretion of the court, and will not be awarded when the right to the relief sought is not clear and free from doubt.

**2. Same—Compelling Useless Act.**

Mandamus is not a writ of right, but one resting within the sound judicial discretion of the court, and will not be granted to compel the performance of a useless act.

**3. Pardon—Completion of Act.**

A pardon or commutation is a mere matter of grace, and until this act of clemency is fully performed, neither benefit nor rights can be claimed under it. Simple intention on the part of the executive to bestow a pardon confers no right, and is perfectly nugatory until the intention may be said to be fully completed. This intention may be said to be fully completed when the pardon is signed by the executive, properly attested, authenticated by the seal of the state, and delivered, either to the person who is the subject of the favor or to some one acting for him or on his behalf. Whenever these things are done, the grantee or donee of the favor becomes entitled as a matter of right to all the benefits and immunities it confers, and of which he cannot be deprived by revocation or recall.

**4. Mandamus—Pardons—Compelling Attestation by Secretary of State.**

Where the Governor signs a pardon and his name is not attested by the Secretary of State, nor the seal of the state attached thereto, the person whose name is mentioned in said pardon is not possessed of such right or beneficial interest in the pardon as will enable him to maintain an action of mandamus, in his own name, to compel the Secretary of State to attest said pardon and attach the seal of the state thereto.

Error from District Court, Oklahoma County; Wm. H. Zwick, Judge.

Mandamus by Xenophon Jones against R. A. Sneed, Secretary of State. Judgment for defendant, and plaintiff brings error. Affirmed.

Moman Pruiett, W. N. Redwine, Orban C. Patterson, and Victor A. Sniggs, for plaintiff in error.

George F. Short, Attorney General, and John Barry, Asst. Atty. Gen., for defendant in error.

McNEILL, J. This is an appeal from an order of the district court of Oklahoma county denying to Xenophon Jones an alternative writ of mandamus to compel R. A. Sneed, Secretary of State, to attest and affix the seal of the state to a pardon issued by J. C. Walton, Governor of Oklahoma, to Jones. The petition alleges in substance, that plaintiff was convicted of a crime, and Governor J. C. Walton, on the 23rd day of October, 1923, issued and granted to Jones a full, valid, absolute, and uncon-

ditional pardon for said offense, to take effect immediately, which pardon was accepted by Jones. It is further alleged said pardon was regularly presented to the Secretary of State, but he declined to attest the same or affix the seal or make the same a record in his office. The petitioner prayed that an alternative writ issue commanding said Secretary to attest and affix the seal to the pardon and make the same a permanent record in the office of the Secretary of State, or show cause why the same should not be done.

The district court denied the alternative writ, and this appeal is prosecuted to reverse the order of the court. The question presented in this court' is whether the petition alleged sufficient facts to entitle plaintiff to an alternative writ of mandamus, requiring the Secretary of State to attest and affix the seal of the state to the pardon. The general rule· is:

"Mandamus is not a writ of right, but one resting within the sound discretion of the court, and will not be awarded when the right to the relief sought is not clear and free from doubt."

See Close Bros. & Co. v. Oklahoma City, 77 Okla. 104, 186 Pac. 931; Strother v. Bolen, 72 Oklahoma, 181 Pac. 299.

This court in the case of Carroll et al. v. State ex rel. Mosier et al., 80 Okla. 89, 194 Pac. 219, in the third paragraph of the syllabus said:

"Mandamus is a high prerogative and remedial writ, the appropriate functions of which are the enforcement of duties to the public, by officers and others, who either neglect or refuse to perform them. It follows, therefore, that those to whom it may be appropriately directed owe some duty to the public, and are under obligation to perform it; and for the enforcement of which there is no other specific legal remedy."

This court in the case of State ex rel. West v. McCafferty, 25 Okla. 2, 105 Pac. 992, in the fourth syllabus paragraph stated:'

"Mandamus is not a writ of right, but one resting within the sound judicial discretion of the court, and will not be granted to compel the performance of a useless act."

The plaintiff having alleged his pardon was full, complete, and absolute, and had been delivered, if we accept the allegations of his petition as true, the attesting and affixing the seal thereon by the Secretary of State would be a useless act. If petitioner is still incarcerated for said offense, and the officers fail or refuse to recognize his full, complete, and absolute pardon, which has been delivered to him, his remedy is by habeas corpus and not by mandamus. Ac-

cepting the allegations of his petition as true, upon this theory of the case, petitioner does not bring himself within the principles announced by the above decisions.

A supplemental brief has been filed in the case and in that brief it is asserted that the Criminal Court of Appeals, having held a pardon was not complete until the Secretary affixed the seal thereto, and the act of the Secretary in affixing the seal being a purely ministerial act, mandamus is the proper remedy to compel the Secretary to perform a purely. ministerial ᵈuty. It may be conceded that mandamus is a proper remedy to compel a ministerial officer to perform a purely ministerial duty; it is, however, contended by the state, that admitting the above propositions of law to be true, the plaintiff is without legal capacity to maintain said action, as he can claim no right or benefit under a pardon until the pardon has been fully executed and delivered to him.

Church on Habeas Corpus, page 753, states as follows:

"A pardon or commutation is a mere matter of grace, and until this act of clemency is fully performed, neither benefit nor rights can be claimed under it. Simple intention on the part of the executive to bestow a pardon confers no right, and is perfectly nugatory until the intention may be said to be fully contemplated. This intention may be said to be fully completed when the pardon is signed by the executive, properly attested, authenticated by the seal of the state, and delivered, either to the person who is the subject of the favor, or to some one acting for him, or on his behalf. Whenever these things are done, the grantee or donee of the favor becomes entitled as a matter of right to all the benefits and immunities it confers, and of which he cannot be deprived by revocation or recall."

To support this proposition see Ex parte Reno, 66 Mo. 426, 27 Am. St. Rep. 337; Commonwealth v. Hollingsworth 27 Pa. St. 218; Ex parte Ray, 18 Okla. Cr. ——, 193 Pac. 635.

A pardon is a matter of grace and an act of clemency, and until fully performed neither benefits nor rights can be claimed under it, and the act of clemency is not complete until the pardon is properly signed by the executive, and the seal affixed thereto by the Secretary of State, and delivered to the person or his agent. The question then arises. Can a person who expects to be a recipient of a pardon maintain an action of mandamus to compel the Secretary of State to complete said pardon by attesting and affixing the seal thereto?

The general rule regarding who may main-

tain an action of mandamus to compel a ministerial officer to do a ministerial duty may be stated: First. In cases directly involving questions of public right the action should be brought in the name of the state or of the people, the person instituting the proceedings appearing as a relator. See 18 R. C. L. 272.

The rule is also announced in 18 R. C. L. 327, as follows, to wit:

"It seems that all the authorities concur in support of the proposition that an individual may have a particular interest of his own, independent of that which he holds in common with the people at large, in the performance of a statutory duty imposed on some officer or board, and that in such cases he is not simply an indistinguishable unit of the general public, but is the possessor of a separate and peculiar right which enables him to say that he is the party beneficially interested, and so entitles him to the writ."

Does the petitioner come within the last rule announced? We think not. As heretofore stated, the law appears to be well settled that the person designated in a pardon can claim neither right nor benefit under it until it is fully completed, attested, and delivered. If he can claim no benefit or right under the same, he cannot mandamus the Governor to grant him a pardon, nor the Secretary of State to attest it, nor could he mandamus any person to deliver the same to him, because he acquires no right thereunder until all the above conditions have been performed.

The plaintiff in error to support his contention cites Marbury v. Madison, 1 Cranch, (U. S.) 135, 2 L. Ed. 66. This case does not relate to a pardon. In that case, the President appointed a party justice of the peace of the county of Washington, District of Columbia, and the seal of the Secretary of State was attached to said appointment, but the secretary refused to deliver the instrument and the party sought by mandamus proceedings to compel the Secretary of State to deliver the same to him. The court, however, in that case held that the appointment was full and complete without delivery. The court simply held that having a legal right to the office, he had a right to the commission, and mandamus was the proper remedy to compel the delivery of the same.

The case of the State ex rel. Rogers, Governor, v. Jenkins (Wash.) 54 Pac. 765, is also cited. In that case the action was brought by the Governor in the name of the state. This the Governor had a right to do, and had a right to compel the Secretary to affix the seal of the state to his official

acts. It also appears that the statute of the state of Washington provides the Secretary of State should attach his seal to pardons. If the Governor in the instant case were prosecuting this action, it would seem the Secretary of State would have no defense to the same.

The case of State ex rel. Fleming v. Crawford, 10 South. 118, is also cited. In that case the Governor appointed a United States Senator, issued his certificate, and the Secretary of State refused to attest the same and the Governor brought mandamus action, which was sustained. The case is identical with the case of the State v. Jenkins, supra.

The above cases cited by plaintiff in error do not support the proposition that if a pardon has been signed by the Governor, the person named in the pardon has such an interest therein that will authorize him to mandamus the Secretary of State to attest and authenticate the same. The pardon itself being a matter of clemency and without consideration, no rights or benefits can accrue to the person named in the pardon until the act of clemency has been completed. It would be very similar if a corporation expected to give a piece of property to an individual, and the president of the corporation executed a deed, and the secretary refused to attest the same. The expected recipient of the gift would acquire no such interest in the property as to authorize him to maintain an action to compel the secretary to attest the deed, but his rights would only accrue when the gift was fully performed, and completed.

We therefore conclude, if the allegations of the petition are accepted as true, to wit, that the pardon is full and complete and has been delivered, then the attesting and affixing of the seal by the Secretary of State would be a useless act, and the petitioner as a matter of right cannot compel by mandamus the performance of a useless act. If the contrary is assumed, that the pardon is not full and complete until the Secretary has attested the same and neither benefits nor rights can be claimed under the pardon until it is fully executed and delivered, then the petitioner can claim no right that will permit him to maintain an action for mandamus to compel the execution of the pardon to be completed. The delivery, prior to the time of the complete execution of the pardon, would have no more force and effect than the delivery of a deed where the same was a gift, prior to the time of its execution.

For the reasons stated, the judgment of the trial court is affirmed.

JOHNSON, C. J., and NICHOLSON, COCHRAN, HARRISON, and WARREN, JJ., concur.