MORRIS v. LOGAN et al.　(No. 7368.)

(Court of Civil Appeals of Texas. San Antonio. May 20, 1925. Rehearing Denied June 13, 1925.)

1. **Contracts ⬡⇒42—Written contract does not become effective until delivered to grantee, or some one for him.**

Written contract, deed, note, or otherwise, does not become effective until delivered to grantee, or some one for him, for such purpose and with such intention.

2. **Contracts ⬡⇒42—If written contract is delivered to grantee on special condition, it does not become effective until happening of contingency provided for.**

If written contract, be it deed, note, or otherwise, be delivered to grantee on special condition, it does not become absolute, and instrument does not become effective until happening of contingency provided for.

3. **Evidence ⬡⇒420(3)—Parol evidence is admissible to show condition on which written contract was delivered.**

Where written contract is delivered to grantee on special condition, it is proper to show stipulated condition and true facts and circumstances evidencing intention and agreement of parties by parol evidence.

4. **Evidence ⬡⇒420(1, 7)—Parol evidence held admissible to show conditions concerning delivery of note and deed.**

Where makers of note executed it for exact amount of debt which they owed payee, and attached it to deed to be held without placing deed on record or incumbering or conveying property, until makers of note should elect at or before its maturity, whether they would pay note or permit deed to pass absolutely to payee, and payee hypothecated note to innocent third party, and placed deed on record and executed deed of trust on property in question, in action to recover amount of note, parol evidence was admissible to show conditions concerning delivery of note and deed.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Action by Walter H. Logan and others against O. M. Morris, in which others intervened. From a judgment for interveners against plaintiffs, and a judgment over in favor of plaintiffs against defendant O. M. Morris, he appeals. Affirmed.

W. D. Caldwell, of Fort Worth, and A. H. Mount, of Dallas, for appellant.

Ocie Speer and Dedmon & Potter, all of Fort Worth, for appellees.

SMITH, J. On March 12, 1923, appellee Logan and two others executed their promissory note for $5,056.64, with interest, payable 120 days from its date, to the order of appellant, Morris. At the same time appellees executed a general warranty deed, conveying to appellant certain real property situated near Duncan, Stephens county, Okl. The two instruments were pinned together, and as so attached were delivered to appellant upon the parol condition that the latter would hold them in his possession, without placing the deed of record or incumbering or conveying the property, until appellees should elect at or before its maturity whether they would pay the note on the one hand, or permit the deed to pass absolutely to appellant, on the other hand; it being further agreed that in the first event appellant would return the deed to appellees, or in the alternative event surrender the note to appellees. Upon these conditions, to which appellant agreed, appellees delivered the note and attached deed to appellant. The note represented the amount of the balance due from appellees to appellant upon a prior obligation.

Within a week from the date of the foregoing agreement and conditional delivery of the instruments, appellant, in disregard of the agreement, hypothecated the note to an innocent third party, placed the deed of record in the Oklahoma county in which the property was situated, and executed a deed of trust upon the property, which instrument was also recorded in the records of said county. These facts were properly pleaded and proven by appellees in the court below. Appellees brought suit against appellant, set out the facts we have stated, and prayed for judgment for the amount of the note. The parties to whom appellant had assigned the note in controversy intervened and prayed for judgment against appellees for the amount of said note. A jury trial resulted in a judgment in favor of the interveners against appellees for the amount of the note, and judgment over in favor of appellees against appellant for a like amount. The latter has appealed.

Appellant attacks the judgment against him upon the ground that the parol agreement pleaded and proven by appellees could not be set up, proven, or given effect, because to do so would contravene the general rule that parol agreements are not admissible and cannot be given effect to vary, contradict, or otherwise affect the terms or conditions of written contracts. This contention is presented in a number of abstract propositions of law, in which the general rule is well stated by counsel for appellant. But the question thus presented does not arise in this cause. The only question arising from the case made is one of delivery of the deed and note, which appellant does not discuss.

[1-3] A written contract, be it deed or note or otherwise, does not become effective until it is delivered to the grantee, or some one for him, for that purpose and with that intention. If it is delivered into the possession of the grantee upon a special condition, as

in this case; it is but a conditional delivery; and such delivery does not become absolute, and the instrument does not become effective, until the happening of the contingency provided for. In such case it is proper to show the stipulated condition, to which end the true facts and circumstances evidencing the intention and agreement of the parties may be shown by parol evidence, and when thus ascertained will be given effect. Steffian v. Bank, 69 Tex. 513; Coleman v. Easton (Tex. Com. App.) 249 S. W. 200; Silliman v. Oliver (Tex. Civ. App.) 233 S. W. 867, 247 S. W. 903 (writ refused).

[4] This is a wholesome rule, the wisdom of which is aptly proven in this case. Appellees owed appellant the exact amount of the note in controversy, and no more. The deed was attached to the note, and both were given into the possession of appellant, to be held by him upon the conditions stated. Certainly it was not contemplated by either of the parties that in any contingency appellant should take both the deed and the note. Instead of abiding by his agreement, however, appellant promptly and without notice violated it by appropriating both the land and the proceeds of the note to his own uses, thus procuring double payment of the debt, even before any of it was due. No court will lend its aid or sanction to such practice, if any appropriate rule of law is available with which to thwart it. The rule stated appears to admirably fit the case, and is invoked here for that wholesome purpose.

The judgment is affirmed.