SHIELDS v. SNEED, Secretary of State.

No. 17107—Opinion Filed April 6, 1926.

(Syllabus.) .

1. Pardon—Requisites for Validity.

A pardon is a mere matter of grace, and until this act of clemency is fully performed, neither benefit nor rights can be claimed under it. Simple intention on the part of the chief executive to bestow a pardon confers no right, and is nugatory until the intention may be said to be fully completed. This intention may be said to be fully completed when the pardon is signed by the executive, properly attested, authenticated by the seal of the state, and delivered, either to the person who is the subject of the favor, or to some one acting for him, or on his behalf.

2. Mandamus—Writ Not Allowed to Compel Secretary of State to Attest Pardon and Attach Seal of State.

Where the Governor signs a pardon, and his name is not attested by the Secretary of State, nor the seal of the state attached thereto, the person whose name is mentioned in said pardon is not possessed of such right or beneficial interest in the pardon as will enable him to maintain an action of mandamus in his own name to compel the Secretary of State to attest said pardon and attach the seal of the state thereto.

3. Same—Incomplete Pardon Signed by Former Governor.

The act of the Governor in granting a pardon is an official act, which is incomplete until duly authenticated with the seal of the state. and such act to become effective must be duly authenticated while the individual who signs such pardon as Governor still occupies that position. Mandamus will not lie to compel the Secretary of State to authenticate an act of a former Governor.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Action in mandamus by John W. Shields against R. A. Sneed, Secretary of State, to compel defendant to attest a purported pardon. From a judgment denying said writ, the plaintiff appealed. Affirmed.

A. S. Wells, for plaintiff in error.

George F. Short, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for defendant in error.

NICHOLSON, C. J. On the 26th day of June, 1923, John W. Shields was tried in the district court of Oklahoma county and convicted of the crime of larceny of an automobile, and pursuant to said conviction was duly sentenced to serve a term of five years in the state penitentiary. From this judgment, Shields appealed to the Criminal Court of Appeals, where said judgment of conviction was affirmed on September 14, 1925.

On December 28, 1925, Shields presented to R. A. Sneed, Secretary of State, and requested him to authenticate an instrument purporting to be a pardon, bearing date October 16, 1923, and purporting to have been signed by J. C. Walton, Governor. Upon the refusal of the defendant in error to authenticate said instrument, this action was brought, seeking a writ of mandamus to compel the defendant in error to duly authenticate such purported pardon by placing the great seal of the state thereupon. From a judgment denying the writ, Shields has appealed.

The situation here presented is substantially the same as that considered by this court in Jones v. Sneed, Secretary of State, 101 Okla. 295, 225 Pac. 700, wherein it was held that:

"A pardon or commutation is a mere matter of grace, and until this act of clemency is fully performed, neither benefit nor rights can be claimed under it. Simple intention on the part of the executive to bestow a pardon confers no right, and is perfectly nugatory until the intention may be said to be fully completed. This intention may be said to be fully completed when the pardon is signed by the executive, properly attested, authenticated by the seal of the state, and delivered, either to the person who is the subject of the favor, or to some one acting for him. or on his behalf. Whenever these things are done, the grantee or donee of the favor becomes entitled as a matter of right to all the benefits and immunities it confers, and of which he cannot be deprived by revocation or recall.

"Where the governor signs a pardon, and his name is not attested by the Secretary of State, nor the seal of the state attached thereto, the person whose name is mentioned in said pardon is not possessed of such right or beneficial interest in the pardon as will enable him to maintain an action of mandamus in his own name to compel the Secretary of State to attest said pardon and attach the seal of the state thereto."

Shields seeks to escape the force of that holding by insisting that it was mere dictum, that the question decisive of that case was that mandamus is not a writ of right, but one resting within the sound judicial dis-

cretion of the court, and will not be granted to compel the performance of a useless act. This position is untenable. In that case Jones was the holder of a purported pardon, unauthenticated, and sought by mandamus to compel the Secretary of State to authenticate the same, and it was held that Jones was not possessed of such right or beneficial interest in the pardon as would enable him to maintain an action of mandamus in his own name to compel the Secretary of State to attest said pardon and affix the seal of the state thereto. It is not pointed out, and we are unable to perceive, wherein Shields is in any different position in this case than was Jones in that case. It is true that in the Jones Case the purported pardon was signed on October 23, 1923, and the purported pardon of Shields is dated October 16, 1923, but this distinction would not vest Shields with a right not possessed by Jones. Neither of the purported pardons was authenticated by the seal of the state, and they were, at most, mere attempts to pardon, and were nullities. Ex parte Jones (Okla. Cr.) 220 Pac. 978. While the case of Jones v. Sneed, supra, is decisive of this case, and we might content ourselves by resting this case upon it, yet there is another reason why the writ should be denied.

It is provided by section 18 of art. 6 of the Constitution, that the Secretary of State shall be the custodian of the seal of the state, and authenticate therewith all official acts of the Governor, except his approval of laws, and by section 17 of art. 6, Id., he shall keep a register of the official acts of the Governor, and when necessary shall attest them and shall lay copies of the same, together with copies of all papers relative thereto, before either house of the Legislature when required to do so. The Governor is by section 10, art. 6, Id., vested with the power to grant pardons. The exercise of this power is an official act, which must be authenticated with the seal of the state, and recorded in the office of the Secretary of State, and until these are done it is not the official act of the Governor. In this case the purported pardon was not presented to the Secretary of State for authentication by the Governor, but was presented by Shields more than two years after J. C. Walton, who signed the same, as Governor had been removed by impeachment. Therefore, the Secretary of State was not called upon to authenticate an official act of the Governor, but was asked to authenticate the act of a mere private citizen.

It was clearly the intent of the framers of the Constitution to require the official acts of the Governor to be authenticated and recorded before they became effective, and it was not their purpose to authorize the Secretary of State to breathe life into a mere nullity, by authenticating and recording that nullity, after the person who signed it had retired as chief executive. If the defendant in error had refused to authenticate the instrument when requested to do so by the Governor, he might have been compelled to do so in a suit by the Governor in the name of the state (State ex rel. Rogers, Governor, v. Jenkins, 20 Wash. 78, 54 Pac. 765; State ex rel. Fleming v. Crawford, 28 Fla. 441, 10 South. 118, 14 L. R. A. 253); but no one would contend that an ex-Governor could by any means compel the authentication of an act of his while Governor.

As the official acts of the Governor are incomplete until duly authenticated, it follows that those acts, to become effective, should be authenticated while the individual who is chief executive still occupies that position. Hence, the defendant in error should not now be compelled to authenticate an act of a former Governor.

The judgment is affirmed.

All the Justices concur except HARRISON, J., absent and not participating.

Note.—See under (1) 29 Cyc. pp. 1559, 1565, 1565 (Anno); 20 R. C. L. p. 549; 5 R. C. L. Supp. p. 1115. (2, 3) 38 C. J. p. 582 § 56.