## WITT et al. v. WENTZ et al.

No. 20765. Opinion Filed March 14, 1930.
Rehearing Denied March 25, 1930.

Bailey E. Bell, T. A. Aggas, and Lydick, McPherren & Jordan, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Wm. L. Murphy, Asst. Atty. Gen., for defendants in error.

RILEY, J. Messrs. Witt, Williams, and Tatum sought a writ of mandamus below to compel the members of the State Highway Commission to issue what is known as a work order and to engineer, supervise, re-

ceive, and accept work, when the same shall have been done, as contemplated by a certain written contract said to exist between them, as contractors, and the state of Oklahoma, represented by the members of the State Highway Commission. The subject-matter of the contract was a $45,000 bridge and culvert item of a road construction project located on State Highway No. 10, in Pushmataha county, between the towns of Clayton and Tuskahoma.

From plaintiffs' averments we find that the Highway Commission advertised for bids for grading and construction of bridges and culverts upon the designated road. Plaintiffs bid thereon and were announced as the successful bidders. A written contract, as contemplated by law, was written, but retained by the Highway Commission, no copy thereof being delivered to plaintiffs. On March 27, 1929, plaintiffs executed and delivered to the Highway Commission a bond conditioned upon the faithful performance of the work specified in their bid. On May 20, 1929, the Highway Commission marked upon said written contract so held by them the word "void", and attempted to return the same to the contractors. Plaintiffs alleged by way of excuse for failure to set out copy that the Highway Commission refused to allow plaintiffs to make a copy of the contract.

The Attorney General, representing the State Highway Commission, defended upon the grounds: (1) That the action is a suit against the state and cannot be maintained without the consent of the sovereign; (2) that the writ shows upon its face that mandamus is not the proper remedy; and (3) that the alternative writ issued below was inadequate and insufficient in law and did not state facts sufficient to constitute a cause of action, or to entitle the plaintiffs to any relief. (Section 454, C. O. S. 1921.)

The trial court recited in its judgment that it considered only the legal propositions raised by paragraphs 1, 2, and 3 of defendant's answer. Judgment was for defendants, denying plaintiffs relief, and based upon the three issues so presented by the Attorney General.

The judgment is general in its nature. We affirm it, not for the reasons found sufficient by the trial court, but on ground (a) hereinafter indicated. The ancient doctrine that no suit against the sovereign can be maintained without the state's consent has been modified, as applied to agents of the state, and under certain conditions. Let's

assume that Comanche county votes vast sums for road improvement purposes and delivers the funds to the State Highway Commission to be matched with state and federal aid for the benefit of Comanche county roads. Assume, further, that the Commission receives the funds and attempts to spend the same on Carter county roads, whereupon Comanche county seeks relief. Are we to say the sovereign can do no wrong and that Comanche county is without remedy? Such is the doctrine that the state may not be sued without its consent when applied with full force and effect.

Grounds 2 and 3, found sufficient below, are questionable and depend upon the particular allegations. The doctrine of our Code pleading—a doctrine fostering ease of justice under the law—renders those grounds of doubtful value.

Requisites for a writ of mandamus are (a) a clear legal right on plaintiff's part, (b) a plain legal duty on respondent's part wherein there is not involved the exercise of discretion, and (c) adequacy of the writ and inadequacy of other relief. Champlin v. Carter, 78 Okla. 300, 190 Pac. 679.

We affirm the judgment, the reason being: There is no clear legal right on plaintiffs' part.

Plaintiffs take the view that the contract was made up of the bid and acceptance thereof by the State Highway Commission. They rely upon these acts, together with the fact of their giving bond to guarantee the faithful performance of their duty, for the body of their right, yet they declare upon a written contract, undelivered, and therefore unenforceable. Section 5036, C. O. S. 1921; 9 C. J. 700; Elliott on Contracts, secs. 3639, 4538; 13 C. J. p. 307 et seq. § 131; Morris v. Logan (Tex. Civ. App.) 273 S. W. 1019; Murrell v. American Ry. Express (Ky.) 269 S. W. 293; Rawleigh Co. v. Royal (Ga. App.) 119 S. E. 339; Herron v. Brinton (Iowa) 175 N. W. 831; Laprade v. Fitchburg Ry. Co. (Mass.) 90 N. E. 982; Clark v. Childs (Cal.) 4 Pac. 1058. The contractual relation of the parties was executory in its nature. State ex rel. Porter v. Hudson (Mo.) 126 S. W. 733.

Plaintiffs' allegations conclusively show a contemplated written contract—a contract wherein, no doubt, there was set out with particularity the obligations and duties of each party. What was the necessity of a work order, of engineering, of supervision, of receipt and acceptance of the work, and from whence did the idea of these duties

come? It is not alleged that they came from the bid and acceptance; they must have been contemplated as a part of the written contract, an instrument, no copy of which is presented to us. The law provides for a written contract. Section 12, ch. 48, S. L. 1923-24, amended section 4, ch. 245, S. L. 1929: "The successful bidder for the construction of said work shall enter into contract furnished and prescribed by the State Highway Commission. * * *"

Therefore, under the facts presented and under the law applicable, we cannot say that the bid and acceptance constituted the contract. The parties understood that their negotiations led to a written contract; the law provided for a written contract; there existed a purported written contract undelivered. Let us consider, by way of analogy, another hypothetical problem involving a public question. The Governor signs a pardon; the document is not filed with the Secretary of State. The office of Governor devolves upon another. Let us assume that the document is retained in the office of the Governor, and that the successor in office writes across the document the word "void". Who would say that a clear legal right to relief was available to the imprisoned person? Jones v. Sneed, Sec'y. of State, 101 Okla. 295, 225 Pac. 700.

CLARK, CULLISON, SWINDALL, and ANDREWS, JJ., concur.

LESTER, V. C. J., not participating.

MASON, C. J., and HUNT and HEFNER, JJ., absent.