## BOARD OF COM'RS OF CREEK COUNTY et al. v. CITY OF SAPULPA.

No. 20537. Opinion Filed March 14, 1933.

W. F. Pardoe, Co. Atty., and Leroy J. Burt, Asst. Co. Atty., for plaintiffs in error.

E. C. McMichael and Shirk, Danner & Phelps, for defendant in error.

RILEY, C. J. This is an appeal from a decree of the district court awarding a peremptory writ of mandamus directing the board of county commissioners and the county treasurer of Creek county to cause to be apportioned and certified to the county clerk for payment to the city of Sapulpa, the sum of $12,183.07, to cover a warrant to be drawn and certified to the county clerk for payment to the city of Sapulpa, in said sum, for and on account of certain tax penalties collected by the county treasurer during the months from April, 1922, to June, 1923, inclusive.

This action was commenced January 7, 1929, by the filing of a petition for a writ of mandamus. Therein it was alleged, in substance, that the county treasurer had, between May, 1922, and September 30, 1928, collected tax penalties belonging to the city of Sapulpa, amounting to approximately $14,397, which he had failed to apportion and turn over to said city; that during the same time he had overpaid the city in general ad valorem taxes in the sum of about $2,214; that said treasurer had turned the penalties so collected into the sinking fund of the county; that demand had been made upon defendants to pay said money over to plaintiff, which had been denied and refused. An alternative writ was issued and the return and answer of defendants as amended denied generally the allegations contained in the petition, and alleged, in substance, that said petition did not state a cause of action; pleaded the three year-statute of limitation; alleged that the last item claimed by plaintiff accrued on July 1, 1923, more than five years prior to the commencement of the action.

Trial was had resulting in the award of a peremptory writ as sought.

Defendants contended below, and contend here, that the cause of action was barred by the statute of limitation, and that mandamus is not the proper remedy under the facts pleaded and proved and the law applicable thereto.

They first contend that the action is barred by the statute of limitation.

The decisions in Brown, Co. Treas., v. Board of Ed. of the City of Duncan, 148 Okla. 97, 298 P. 249, and Board of County Com'rs v. City of Marlow, 148 Okla. 126, 298 P. 255, both hold the statute of limitation runs against an action at law against a municipality seeking the recovery of money from the county claimed to be misappropriated.

The record discloses that the county treasurer of Creek county, during the months from April, 1922, to June, 1923, inclusive, collected said penalties on taxes on property located in the city of Sapulpa, in the aggregate sum of $14,397.78, and at the first of each month, instead of apportioning the amount so collected during the next preceding month to the city of Sapulpa, apportioned and credited the same to the sinking fund of the county. The last month's collection so apportioned was for the month of June, 1923, in the amount of $910.95.

From and after July, 1923, all penalties due the city had been properly apportioned and paid to the city of Sapulpa, and for the month of June, 1927, the city was overpaid in the sum of $122.28.

Under the rules announced in the cases above cited, it is clear that any action at law to recover from the county the tax penalties so collected and apportioned to the sinking fund of the county was barred by the three-year statute of limitation.

But if mandamus be a proper remedy, a different rule would seem to apply.

In Duke, Mayor, v. Turner, 204 U. S. 623, 51 L. Ed. 652, the Supreme Court of the United States held:

"A proceeding in mandamus cannot be deemed to be governed by the limitations prescribed by Okla. Code, secs. 18, 23, for civil actions, in view of the provision of sec. 694, of such Code, that pleadings in mandamus are to be construed and may be amended and issues joined and the proceedings had in the same manner as in a civil action, and of the declaration in section 687, that writs of mandamus may not be issued where there is a plain and adequate remedy in the ordinary course of law."

It is therein pointed out that the statute of limitations of Ohio is similar to that of Oklahoma, and that in Chin v. Trustees, 32 Ohio St. 236, it was held that proceedings in mandamus were never regarded as an action at law or a suit in equity, and, therefore, not a civil action within the meaning of the Code.

In Chapman v. Board of Commissioners, 107 U. S. 348, 27 L. Ed. 378, it was held that in the state of Nebraska under a Code similar to that of Ohio, there was no statute of limitations applicable to a proceeding in mandamus.

This court, in Brown, Co. Treas., v. Board of Ed. of City of Duncan, with the writer hereof dissenting, held that public policy requires prompt action on the part of a municipality seeking to correct errors made by county officers in erroneously placing funds belonging to such municipality to the credit of the county fund. And that under such public policy the statute of limitations was held to run against such a municipality as applied to a civil action to recover the money. It would seem that the same policy would require prompt action where the remedy is sought by mandamus. There is ample authority therefor.

In 38 C. J. 832, it is said:

"In states where the statutes of limitation are inapplicable to mandamus proceedings, the courts have frequently applied them by analogy to mandamus proceedings as is done in equity cases, and while it is difficult to lay down any fixed rule as to the time when the writ will be barred, it may be said in a general way that it must be brought within the period fixed for that particular form of civil action or proceeding which may be brought to enforce the right which is the subject of the writ; and on the other hand it has been held that mandamus may be instituted at any time within that period."

It is true that it is also said therein that the rule is by no means universal. But that rule has been in effect followed in this state, for in Wenner, Co. Treas., v. Board of Ed., City of Perry, 25 Okla. 515, 106 P. 821, it was held that a writ of mandamus to enforce the payment of a judgment against the board of education is the legal equivalent to the statutory writ of execution. It was, in effect, held that a writ of mandamus would not issue to compel the payment of a judgment against the board of education which had become dormant although money was on hand out of which such judgment might have been paid, and that such writ would issue to compel the payment of a judgment which had become dormant.

The above case was decided in January, 1910, nearly three years after the decision of the United States Supreme Court in Duke, Mayor, v. Turner, supra.

It will be observed that the reason given by the Supreme Court of the United States for holding that the writ would not be denied in that case because of laches, was that legal proceedings for the collection of the debt in some form had been prosecuted by various holders in different courts up to the commencement of the mandamus proceedings without beneficial results. Such is not the case here. No steps whatever were taken by plaintiff for more than five years, in law, equity or otherwise, to enforce its claim against the county for the funds here in question after July, 1923, when the last item thereof was collected by the county treasurer.

To hold that plaintiff could compel payment by mandamus after the three-year limitation had run against an action at law, would be to say that the right of recovery in such cases would depend entirely upon the form of action. That would be, in effect, to now say to the board of education of the city of Duncan and to the city of Marlow, "You could not recover the money due you from the county in an action at law because of the statute of limitation, but you may hereafter at any time you can show sufficient money on hand in the county sinking fund, compel the payment thereof in a proceeding in mandamus." Since public policy requires municipalities seeking to correct such errors to act promptly when they seek to correct such error by a civil action, that same public policy requires prompt action in proceedings by mandamus. Public policy, therefore, impels us to hold that the writ should not have been issued in the instant case.

Another reason why the writ should not have been awarded is that no clear duty is shown to rest upon the board of county commissioners to take, or cause to be taken, money out of the county sinking fund when it has once been placed therein by the county treasurer, and pay it out to the city of Sapulpa without any judgment or decree of a court of competent jurisdiction directing it so to do. No statute confers such power or places such duty upon the board of county commissioners. We know of no clear duty or power of the board of county commissioners to determine the question whether or not money has been rightfully credited to the county sinking fund by the county treasurer. We find no express statutory authority for the board of county commissioners to order or direct the county treasurer to withdraw money from such fund in case the board should find and determine that it had been wrongfully credited thereto by the county treasurer. This would appear to be a judicial function and one for the courts, unless by express provision of law it is conferred upon the board of county commissioners.

The record discloses that there was at all times an amount of money in the sinking fund of the county far in excess of the amount of plaintiff's claim, but the record does not disclose the amount of legal outstanding bonded and judgment indebtedness of the county, and does not show what amount of money, if any, was in the fund in excess of that actually and legally necessary to pay the interest and principal of the valid indebtedness of the county. The sinking fund of the county may be used only for the purposes provided by law. It may be used in payment of: First, interest charged. Second, rebates upon taxes allowed by the county commissioners. Third, payment of bonds falling due, if any. And, fourth, payment of judgments. And when used for the latter purpose, the fund must be reimbursed by a tax levy. Sections 8574, 8575, C. O. S. 1921 [O. S. 1931, secs. 11829, 11830].

It is doubtful, indeed, whether the county commissioners and county treasurer are under a clear duty to take money from the sinking fund wrongfully credited thereto by the county treasurer and use same in payment of a claim of another municipality. And particularly so after the statute of limitations has run against the right of such other municipality to bring a civil action to recover the money.

Where it does not appear that the plaintiff has a clear legal right to the thing demanded, and where a claim thereto is substantially doubtful, the writ of mandamus should be denied. Cotton v. Harris, 108 Okla. 203, 235 P. 607; Sheffield v. Fountain, 101 Okla. 168, 224 P. 339; Jones v. Sneed, 101 Okla. 295, 225 P. 700; State v. Crouch, 31 Okla. 206, 120 P. 915. Without determining whether or not the penalties, herein sought, would in any event go to the city of Sapulpa, we hold that it was error to award the peremptory writ herein.

The judgment is accordingly reversed.

CULLISON, V. C. J., and SWINDALL, OSBORN, BAYLESS, and WELCH, JJ., concur. ANDREWS, J., not participating. McNEILL and BUSBY, JJ., absent.