J. K. BAKER, Appellant,

v.

Myrtle GRAY, Appellee.

No. 6594.

Court of Civil Appeals of Texas.

Amarillo.

April 23, 1956.

Rehearing Denied May 21, 1956.

Cowsert & Bybee, Hereford, for appellant.

James W. Witherspoon, John D. Aikin, Wayne E. Thomas and Earnest L. Langley, Hereford, for appellee.

MARTIN, Justice.

This appeal involves a suit by J. K. Baker, appellant, against Mrs. Myrtle Gray, appellee, for specific performance of a contract for the sale of real estate. For several years appellee had employed an attorney of Hereford, Texas to transact her business affairs in Deaf Smith County as appellee resided in the state of Tennessee. Appellee wrote her attorney to contact the appellant with reference to whether he would be interested in purchasing a tract of land which adjoined land owned by the appellant. After some negotiations, the appellee mailed to her attorney an executed contract as to a sale of the land. This contract named appellant as the party of the second part and as purchaser in the same, but before the contract was delivered, appellee instructed her attorney to not deliver the same. Appellant contends that the attorney employed by appellee was likewise employed by him as his agent in effecting the sale of the land and that the delivery of the contract to such attorney, as the joint agent of both parties, constituted a delivery of the contract to appellant. It is uncontroverted that such attorney was the attorney and agent of appellee and the sole issue in the cause is whether such attorney was likewise the attorney and agent of the appellant in attempting to effect the sale of appellee's land. On this issue, the trial court instructed a verdict in favor of the appellee. Appellant perfected an appeal asserting that such action of the trial court was error.

The rule for examination of the evidence in a cause when the trial court has instructed a verdict is set forth in White v. White, 141 Tex. 328, 172 S.W.2d 295, Syls. 1–5 and the rule is too well recognized to require quotation of the same here. Under such rule the record will be examined to determine whether there was any evidence in the cause, of probative force, requiring a submission to the jury of the issue of whether the attorney was the agent of the appellant in attempting to effect the sale of appellee's land.

There is no evidence of any impropriety on the part of the attorney in regard to his employment with reference to effecting a

sale of the land owned by appellee. The issue before the trial court was solely with reference to the question of whether such attorney was the agent of the appellant in attempting to effect a sale of the land owned by appellee. The testimony of appellant on the issue will be briefly examined as any testimony of appellant against his own interest will be binding on him. It is beyond controversy that appellee was the employer of the attorney and paid him to assist her in effecting a sale of her land. It is likewise uncontroverted that such attorney was to examine the abstract of title as to appellee's land under employment by the appellant and that such fact was known to appellee and agreeable to her. On the issue of whether such attorney was likewise employed by appellant for legal service other than the examination of the abstract of title as to effecting the sale is found the following testimony by appellant:

"A. You said you could examine the abstract in an un-prejudiced way.

"Q. And, I told you that that was what I could do and that was all that I could do and why I could do that? A. That is all I asked you to do."

The above testimony is conclusive on the issue of whether such attorney was employed by appellant to assist him in effecting the purchase of the land and in procuring a contract of sale thereto. Any agency of the attorney must be founded upon employment of such attorney for the service as desired and agreed upon. On such issue of employment and agency is found even more conclusive testimony by the appellant as to the extent of his employment of appellee's attorney and as to the scope of such attorney's agency for appellant:

"Q. I am not asking you for a legal conclusion. I am asking you if you are telling the court or jury that I ever accepted employment or if you ever tried to employ me for the purpose of buying this land from Mrs. Gray? A.

You accepted employment to examine an abstract."

The above quoted testimony of appellant is conclusive upon the issue of whether he employed appellee's attorney to act as his agent in procuring a sale of the appellee's land. Such testimony also reveals the entire nature and extent of such attorney's duties and employment as agent for the appellant. This testimony alone will sustain the trial court's action in instructing a verdict for appellee on the principle that there was no evidence that appellee's attorney in effecting the sale of her land was likewise acting as the agent of the appellant in effecting such sale. However, the testimony of appellant is further affirmed by the fact that appellee instructed her attorney by letter to ascertain whether appellant would be interested in purchasing her land and to advise her thereof. The letter of her attorney in reply to such instruction is shown in the record. This letter is in regard to the appellant's proposition as to the sale of the land and was written by appellee's attorney at her direct request and in the scope of such attorney's employment by appellee. The attorney made no charge as against the appellant for this writing of the letter, for drawing a contract of sale or for any type of legal service. Further, appellant never tendered to the attorney any fee for legal service or otherwise and never requested a statement from such attorney as to any legal charges as due such attorney as to the land sale negotiations. The evidence establishes without controversy that appellant knew that such attorney was representing the appellee and had attended to all her business affairs in that county. J. M. Radford Grocery Co. v. Noyes, Tex.Civ. App., 293 S.W. 653; Morris v. Logan, Tex. Civ.App., 273 S.W. 1019; Schmidt v. Baar, Tex.Civ.App., 283 S.W. 1115.

The trial court correctly instructed a verdict for appellee on the issue of agency before it. Appellant's points of error are overruled and the judgment of the trial court is affirmed.