The STATE of Oklahoma ex rel. OKLAHOMA CITY, Oklahoma, a municipal corporation, and the City of Oklahoma City, Oklahoma, a municipal corporation, Appellants,

v.

The BOARD OF COUNTY COMMISSIONERS OF CLEVELAND COUNTY, Oklahoma, et al., Appellees.

No. 45219.

Supreme Court of Oklahoma.

Nov. 20, 1973.

Roy H. Semtner, Municipal Counselor, James R. Fuson, Asst. Municipal Counselor, Oklahoma City, for appellant, City of Oklahoma City.

Preston A. Trimble, Dist. Atty., Norman, for appellees.

T. N. Pool, Del City, for amicus curiae, Oklahoma Municipal League.

LAVENDER, Justice.

The plaintiff City of Oklahoma City, whose boundaries extend into Cleveland County, appeals from that portion of a declaratory judgment finding that it is obligated to pay portions of the Cleveland County property revaluation program costs by virtue of 68 O.S.Supp.1970 (now 68 O.S.1971), § 2481.4.

The action began on a petition for a Writ of Mandamus by the city to compel the Board of County Commissioners of Cleveland County, and certain named county officials, to release to the city funds collected as ad valorem taxes on property located within the city and payable to the sinking fund of the city, which fund exists for the purpose of paying certain debts of the city, these funds having been withheld by the county to defray a portion of the county property revaluation program costs. An Answer and Cross-Petition was filed by the defendant county noting that the City of Norman, located in Cleveland County, had filed a similar petition. It asked that the causes be joined and that a Declaratory Judgment be issued construing the rights, duties, and responsibilities of the parties. The city demurred, the demurrer was overruled, the causes were joined, judgment rendered, and only the plaintiff Oklahoma City appeals.

In the judgment rendered the trial court found, among other things, that the city was entitled to a Writ of Mandamus requiring the county to remit to it tax revenues collected for the city's sinking fund,

and that the city was obligated to pay a portion of the Cleveland County property revaluation program under and by virtue of 68 O.S.Supp.1970, § 2481.4. It is from this last part of the court's judgment that the city appeals. The county has not appealed that part of the judgment requiring it to remit the tax revenues collected for the city's sinking fund, and, indeed, has never claimed a right of ownership to those monies.

■■ 12 O.S.1971, § 1459, urged by the city in its Proposition I as the basis for alleged error by the trial court, is dispositive of this matter. The statute provides:

"No other pleading or written allegation is allowed than the writ and answer; these are the pleadings in the case, and have the same effect, and are to be construed and may be amended in the same manner, as pleadings in a civil action; and the issues thereby joined must be tried, and the further proceedings thereon had, in the same manner as in a civil action."

As indicated, a mandamus proceeding is not a civil action. It is an extraordinary or supplementary remedy (Duke v. Turner (1907), Okl., 204 U.S. 623, 27 S.Ct. 316, 51 L.Ed. 652; 52 Am.Jur.2d, Mandamus, § 5; 55 C.J.S. Mandamus § 2) which the Legislature clearly limited. This court has previously recognized that the pleadings in a mandamus proceeding are limited to the writ and answer. Commercial National Bank v. Robinson (1917), 66 Okl. 235, 168 P. 810; Polin v. Retail Credit Company (1970), Okl., 469 P.2d 1004; Thompson et al. v. Rhyner et al. (1920), 86 Okl. 146, 206 P. 609. There is no legal basis for enlarging the permitted pleadings. The trial court erred when it considered and entered judgment upon the defendants' cross-petition for a declaratory judgment.

That portion of the judgment providing that the plaintiff City of Oklahoma City is obligated to pay a portion of the Cleveland County property revaluation program under

and by virtue of the provisions of 68 O.S. Supp.1970, § 2481.4, is reversed.

DAVISON, C. J., and IRWIN, BERRY, HODGES, BARNES, SIMMS and DOOLIN, JJ., concur.

WILLIAMS, V. C. J., dissents.