## BROWN et al. v. STATE NAT. BANK OF SHAWNEE.

No. 18312.    Opinion Filed Nov. 29, 1927.

Rehearing Denied Dec. 4, 1928.

Disney, Wheeler & Alcorn, for plaintiffs in error.

E. C. Stanard and M. L. Hankins, for defendant in error.

RILEY, J.  The bank, as plaintiff below, on May 26, 1923, commenced an action against Sam Brown and Silvia Brown, joining the First National Bank of Tecumseh, upon two notes and real estate mortgages in the total sum of $3,253.65, interest and attorney fees, and prayed judgment that the described property "be sold without appraisement."

The real estate mortgages sued upon contain the provision:

"And the said parties of the first part for said consideration do hereby expressly waive all benefits of the homestead exemption and stay laws of the state of Oklahoma."

The judgment rendered, through default, foreclosed the mortgages and directed that the property involved and described be sold without appraisement  The order of sale directed that the property be sold without appraisement.  The sheriff's return shows that the property was sold to the State National Bank for $300.  On February 21, 1924, the court confirmed the sale.

On February 8, 1927, defendants filed a motion to vacate the judgment rendered July 5, 1923, and the order confirming the sale entered February 21, 1924, on the ground that the mortgages did not contain any provision for waiving appraisement of the real estate involved.

On March 17, 1927, upon hearing, the motion to vacate was denied, from which order this appeal was perfected.  In September, 1927, Sam Brown, Sr., having departed this life, by agreement and order this action as to him was revived in the name of Silvia Brown, administratrix duly appointed.

It is now contended:

(1) The judgment confirming sale of the defendant's land without appraisement is void.

(2) The lower court erred in refusing to vacate the order confirming sale on the motion and petition of defendants.

Section 703, C. O. S. 1921, provides:

"If execution be levied upon lands and tenements, the officer levying such execution shall call an inquest of three disinterested householders, who shall be resident within the county where the lands taken in execution are situated, and administer to them an oath, impartially to appraise the property so levied on, upon actual view; and such householders shall forthwith return to said officer, under their hands, an estimate of the real value of said property."

Section 704, C. O. S. 1921, provides that if the words "appraisement waived," or other words of similar import, shall be inserted in any mortgage, the court rendering judgment thereon shall order as a part of the judgment that the same shall be enforced; provided, that no order of sale or execution shall be issued upon such judgment until the expiration of six months from the time of the rendition of such judgment.

The contention herein raised is settled by this court in Hancock v. Youree, 25 Okla. 460, 106 Pac. 841; Given v. Owen, 73 Okla. 146, 175 Pac. 345, and Johnson v. Lynch, 38 Okla. 145, 132 Pac. 350.  Where, on the

foreclosure of a mortgage, the real estate covered thereby is sold without appraisement, and an appraisement has not been waived, such sale is void.

The sale being void, the lower court should have vacated the proceedings upon the petition and motion. The case of Cudjo v. Harris, 119 Okla. 69, 248 Pac. 343, is based upon facts where appraisement is waived and the sale was made before six months and is not an authority in support of the contention here even if the decision that the sale there considered was voidable be considered a correct conclusion. Likewise Oklahoma City Packing Co. v. Pearson 94 Okla. 124, 220 Pac. 932.

Under section 810, C. O. S. 1921, it is provided that the court shall have power to vacate its own judgment at or after the term at which such judgment was made:

"* * * Third, for mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order."

Section 817, C. O. S. 1921, applies a three-year statute of limitation for a proceeding under subdivision 3 of section 810, supra, and further provides that a void judgment may be vacated at any time on motion of a party, or any person affected thereby. Capital Bank v. Huntoon, 35 Kan. 592, 11 Pac. 377. The appellees are within both provisions of section 817, supra.

Appellee urges that the express waiving "of all benefits of the homestead exemption and stay laws of the state of Oklahoma" was equivalent to waiving appraisement. We do not agree.

Bouvier defines "stay laws" as follows:

"Acts of the Legislature prescribing a stay in certain cases, or a stay of foreclosure of mortgages or closing the courts for a limited period, or otherwise suspending legal remedies. See Stay of Execution; Moratorium."

"Stay of Execution":

"In Practice. A term during which no execution can issue on a judgment."

"Moratorium" is defined as:

"A term designating a suspension of all, or of certain, legal remedies against debtors, sometimes authorized by law during financial distress."

In order for a judgment to be valid the court must have jurisdiction of the subject-matter, the parties, and jurisdiction to pronounce the particular judgment which it is to render. 1 Freeman on Judgments, sec. 129; Rogers v. Duncan, 57 Okla. 20, 156 Pac. 678. Here the court was lacking in the third essential element.

While we agree that where a court has jurisdiction to render a correct judgment it also has jurisdiction to render an incorrect one, subject only to direct attack, yet we do not agree that this is merely an incorrect judgment. The court did not in this default action construe the mortgage. It did not hold that waiver of stay laws was a waiver of appraisement. We know that waiver of stay law and waiver of appraisement are distinct. It did not find that the words "appraisement waived" or other words of similar import were contained in the mortgage as required by section 704, supra. It is apparent that neither "appraisement waived" nor words of similar import were used in the mortgage exhibited in the judgment roll. Thus the judgment clashes with the face of the record, it clashes with the statute. It went beyond and contrary to the powers given by the statute. It is void.

A decree which is entirely aside of the issues raised in the record is invalid, and will be treated as a nullity, even in collateral proceedings. Reynolds v. Stockton, 43 N. J. Eq. 211, 10 Atl. 385; 23 Cyc. 1074; 34 C. J. 558.

The doctrine that where courts have once acquired jurisdiction they have a right to decide every question and however erroneous, such decisions cannot be collaterally assailed, is only correct where courts proceed according to powers granted or inherent in them, and is not applicable where courts transcend in the extent and character of their judgment the law or statute applicable. Armstrong v. Obucino, 300 Ill. 140, 133 N. E. 58; Ritchie v. Sayers, 100 Fed. 520; Watkins Land Mtg. Co. v. Mullen (Kan.) 54 Pac. 921; Cummings v. Inman, 119 Okla. 9, 247 Pac. 379; Smith v. Cockrill, 73 U. S. 61, 18 L. Ed. 973; Tyler v. Wilkerson, 27 Ind. 450; Fletcher v. Holmes, 25 Ind. 458.

The action is reversed, with directions to sustain the motion to vacate the judgment and proceed in conformity with the views herein expressed.

BRANSON, C. J., MASON, V. C. J., and PHELPS, LESTER, CLARK, and HEFNER, JJ., concur.