**STATE ex rel. CHAFFIN et al. v. EXCISE BOARD OF OKMULGEE COUNTY.**

No. 24747.   May 28, 1935.

Steele & Boatman, for plaintiffs in error.

James K. Eaton, Co. Atty., and W. E. Foster, Asst. Co. Atty., for defendant in error.

PER CURIAM. Plaintiffs in error were the plaintiffs in the court below and, the defendant in error was the defendant in the court below. Plaintiffs in error will be referred to herein as plaintiffs and the defendant in error will be referred to herein as defendant.

Facts stated: The United States Department of Agriculture, through the A. & M. College and the board of county commissioners of Okmulgee county, entered into a contract by the terms of which Okmulgee county agreed to pay $5,870 on the salary and expenses of the county agent and home demonstration agent for Okmulgee county for the fiscal year of 1932-1933. The board of county commissioners submitted to the excise board an estimate or request, asking that such sum of $5,870 be appropriated and a levy therefor made to pay said amount on the county agent's and home demonstra-

tion agent's salary and expenses. The excise board made the appropriation of the amount requested and a levy of taxes to raise the money. The financial statement and estimated needs and appropriations made by the excise board were certified to the State Auditor on the 17th day of December, 1932. A protest was filed in the Court of Tax Review on the grounds that only four mills ad valorem levy could be made by the excise board in Okmulgee county, unless it was shown that more was necessary to carry on the constitutional function of government in that county.

The protest was sustained by the Court of Tax Review to the extent of .31 mill, and the excise board was ordered and directed by the Court of Tax Review to reduce the levy for general fund purposes .31 mill and to levy only four mills for general fund purposes. The excise board met on March 22, 1933, and reduced the levy to four mills, as ordered by the Court of Tax Review. In order to reduce the levy, the excise board deducted a part of the appropriation made for the county agent's office from the total appropriation made. After this deduction the county agent's office was without an appropriation for salary and expenses of his office for the months of March, April, May, and June for the fiscal year of 1932-1933.

The record before us shows that the valuation for Okmulgee county was $27,786,002. A levy of four mills on this valuation after deducting 10 per cent. for delinquent taxes would raise $100,040, which was the amount found necessary by the Court of Tax Review to carry on the constitutional functions of government. It is not shown by the record how much money was raised from sources other than ad valorem taxes, and it is not shown by the records what all of the money raised by ad valorem taxes was appropriated for.

The record does not disclose how much the other items appropriated by the excise board for county purposes were reduced after the Court of Tax Review ordered the reduction of the general fund, or whether the total deduction was made from the amount first appropriated for the county agent's office.

In fact, the records fail to disclose the financial condition of the county to the extent that we are able to see where and how the excise board could have made the appropriation asked for by the plaintiff and yet have stayed within the amount which a four-mill levy would raise.

Plaintiff in error does not attempt to show in his brief by pointing out to the court how the excise board could have made the appropriation for the county agent's office and stayed within the four-mill levy without deducting the appropriation made for some other department of county government.

This action was begun to require the excise board by mandamus to make an appropriation sufficient to pay the salary and expenses of the county agent's office for said months.

Plaintiffs' contention seems to be:

First. That the work and function of the county agent's office is educational, and being educational in its nature, comes under the provision of section 1 of article 13 of the Constitution, which provides that the Legislature shall establish a system of free public schools, and section 7 of article 13, which provides that the Legislature shall provide for the teaching of elements or agriculture, horticulture, stock feeding, and domestic science in the common schools of the state.

Second. That the work and functions of the county agent's office, being educational in its nature, are therefore constitutional functions of government, and that the excise board is bound by the mandate of the Constitution to provide funds to carry on such constitutional functions of government.

Third. That it was the duty of the excise board or of the county officials to appear before the Court of Tax Review and there insist upon and induce the Court of Tax Review by the presentation of facts and arguments to allow the levy in a sufficient amount in excess of four mills to have provided the funds to carry on the work of the county agent's office.

1. The writ of mandamus will not be granted to the plaintiff unless it be made to appear to the court that the plaintiff has a clear legal right to the thing demanded and where the court is in doubt because of the failure of the plaintiff to show by the facts and figures that it was within the power of respondent to do the thing demanded, the writ should be denied. Cotton County Judge, v. Harris, 108 Okla. 203, 23 P. 607; Excise Board of Creek County et al. v. State ex rel. Kissick, 105 Okla. 10 231 P. 862; Board of County Commission

ers of Creek County et al. v. City of Sapulpa, 162 Okla. 253, 20 P. (2d) 147.

In the case of the Excise Board of Creek County et al. v. State ex rel. Kissick, supra, the trial court granted the writ requiring the excise board to make the appropriation to pay the salary of the county agent of Creek county; but in that case the record from the facts and figures shown to the trial court showed it that the excise board could make the appropriation and stay within the limits of the levy provided by law, and if the plaintiff at bar had shown the trial court by the presentation of the facts and figures to it that the excise board could have made the appropriation to provide the funds for the county agent's office requested by the board of county commissioners and have stayed within the 4-mill levy, then the trial court would have been justified in granting the writ, and if the trial court had refused to grant the writ, then this court on appeal would have granted the writ.

2. As to plaintiffs' second proposition, that the work and functions of the county agent's office are a constitutional function of government, and the excise board is bound by the mandate of the Constitution to appropriate funds to carry on such work, we cannot agree with plaintiff's contention.

At the time our Constitution was adopted no state in the Union, so far as we know, had county and home demonstration agents or other state or county employees carrying on or doing the kind and nature of work that is now done and performed by the county agent and home demonstration agent. The Smith-Lever Act of Congress, providing for the co-operation of the federal government and state government to carry on agricultural education and home economic instructions, was yet in the embryo state reposing in the minds of some future statesmen, and unless we can find a plain provision of our Constitution providing for such county agent and home economic work and education, we cannot assume that the makers of the Constitution had such in mind when it was adopted.

On the other hand, every state in the Union had a system of free common school education where the youth of the land were given instructions at the expense of the state, mostly in the three R's, from the one-room schoolhouse to colleges and universities, and we must assume that when our Constitution was adopted providing for

a system of free common schools, and that agriculture and home economics should be a part of the curriculum in the common schools, the Constitution makers had in mind to give the youth of the land a free common school education according to the method in vogue in the other states of the Union, and according to the system of the other states as it had been practised for generations back.

We conclude that the operations and functions of the county agent's office are not a constitutional function of government, but are a legislative permission to the people of any or all of the counties of the state to carry on such work and instructions, if they so desire.

3. As to plaintiffs' third contention, that it was the duty of the excise board to appear before the Court of Tax Review and urge the Court of Tax Review to allow an appropriation in excess of four mills to provide funds to pay the salary and expenses of the county agent's office, it is sufficient to say that it was no more the duty of the excise board or any other county official to appear before the Court of Tax Review than it was that of the county agent and the employees of his office; but as we have heretofore held that the appropriation of the county agent's office was not an appropriation to carry on a constitutional function of government, the appearance before the Court of Tax Review urging an appropriation in excess of four mills to provide funds to carry on the work of the county agent's office would have availed nothing.

Finding no error in the record, the judgment of the trial court in refusing to grant the writ of mandamus is affirmed.

The Supreme Court acknowledges the aid of Attorneys Geo. T. Arnett, H. P. Hosey, and Tom Finney in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Arnett and approved by Mr. Hosey and Mr. Finney, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BUSBY, WELCH, PHELPS, and CORN, JJ., concur.