STATE ex rel. COM'RS OF THE LAND OFFICE v. SCHNEIDER et ux.

No. 32731. June 17, 1947.

*181 P. 2d 975.*

·Everett H. Welborn, Lonnie Corn, and Floyd Wheeler, all of Oklahoma City, for plaintiffs in error.

Meacham, Meacham, Meacham & Meacham, of Clinton, for defendant in error.

WELCH, J: In 1932, plaintiff filed suit against Leopold Schneider and his wife Hattie Schneider on a promissory note and for foreclosure of a real estate mortgage. The note provided for the payment of interest on the principal amount of the indebtedness at the rate of 5% per annum until maturity, and 10% per annum thereafter. The note became due in 1936. Plaintiff obtained judgment in 1937 for the amount then due, and for 10% interest thereon from date of judgment until paid for $380 attorney's fee and costs, and for foreclosure of the mortgage. Plaintiff purchased the land at sheriff's sale held on May 6, 1940, and the same day filed motion to confirm sale. On May 21, 1940, defendants filed objections to confirmation of sale. These motions remained pending with no action thereon for four years.

In 1943, an agreement was made to the effect that plaintiff would accept an amount equal to the principal amount of the note plus 5% interest since the date to which interest was last paid and costs, and a reasonable attorney's fee to be fixed by the court, in full payment of defendant's debt and in satisfaction of plaintiff's judgment. Pursuant to the agreement defendants forwarded to plaintiff the sum of $600 and were to pay the balance within a reasonable time which defendants requested to permit them to secure some reconveyance of title to the lands and to clear up the back taxes. The agreement contemplated retention of the land by defendants. Defendants made expenditure in securing title to the land and clearing up the taxes. Defendants thereafter made tender of the balance due plaintiff under the terms of the agreement, but plaintiff returned the $600 payment and refused the tender.

On May 10, 1944, defendants filed a motion setting forth the above matters in objection to confirmation of sale, with request that the court declare the judgment settled and satisfied upon payment of the sum agreed upon.

Upon hearing held thereafter defendants presented evidence to support the allegations of their last motion. Judgment was entered in favor of defendants and in accord with their motion. Plaintiff appealed and the cause was reversed. State ex rel. Commissioners of Land Office v. Schneider et al., 197 Okla. 57, 169 P. 2d 288.

After the order and judgment appealed from had been reversed and the cause remanded to the district court, the defendants filed a motion styled "Amended Objection to Confirmation of Sheriff's Sale — Motion for Satisfaction of Judgment upon Payment in full of Judgment." Plaintiff filed a response praying that defendants' objections be denied and that plaintiff's motion to confirm sheriff's sale be sustained.

In their amended objections to confirmation defendants restate the matters set forth in their motion of May 10, 1944, in reference to the agreement for the settlement of the judgment indebt-

edness and their acts in reliance thereon and the acts of all the parties thereto and in this amended motion tender into court the full amount due on the judgment.

Upon a hearing on these motions the defendant Leopold Schneider testified that he was the owner of the land in 1926 at the time the note and mortgage was executed; that he later conveyed the land to one Jess Miller; that after judgment was taken on the note and mortgage he entered into an agreement with plaintiff whereby he was to pay plaintiff the face amount of the mortgage indebtedness plus 5 per cent interest from the time of default and was to receive from plaintiff a release showing the judgment settled and satisfied; that he made the deal with plaintiff in March, 1943, and at the time paid $600 and was to pay the balance the 1st of June, 1944; that after March, 1943, and in reliance on the agreement with plaintiff, he employed an attorney and recovered title to the land from Miller, and cleared up $2,300 in taxes that were against the land; that in 1944 the plaintiff returned the $600 that he had paid, and refused to accept the amount they had agreed to take in satisfaction of the judgment and which amount he had repeatedly tendered to plaintiff; that he was now able, willing and offering to pay to plaintiff or into court for the use of plaintiff the full amount of the judgment with all interest and costs accumulated.

The testimony of this witness was not disputed. The trial court entered an order to the effect that the judgment would be declared satisfied upon payment by defendants of the full amount thereof and that plaintiff's motion to confirm the sale would be overruled.

Upon this appeal all assignments of error are presented under two propositions:

(1) "The court has no right at its mere discretion to release the purchaser or to permit a tender after sale."

(2) "The sole duty of the court in passing upon the confirmation of a sheriff's sale is to see that the proceedings have been regular and in conformity with the law."

These propositions as abstract propositions of law are correct, but as pointed out in the former appeal of this case, the district court, with jurisdiction both in law and in equity, may under proper pleadings examine into equities of the parties associated with facts, circumstances and transactions not involved in the judgment. In State ex rel. Commissioners of the Land Office v. Harrower, 167 Okla. 269, 29 P. 2d 123, in reference to the statute applicable to the proceedings of the officer in making a sale of real estate under execution, this court said:

"And on motion to confirm the court should confine itself to the regularity of the proceedings on the sale, but said section does not limit the power of the court in refusing to confirm or in setting aside a sale in proper pleadings on equitable grounds."

A foreclosure sale is not fully a sale until confirmed by court order. 111 N. J. L. 596, 169 Atl. 177, 89 A. L. R. 1080. In this New Jersey case it was said:

"It is within the broad powers of the Court of Chancery to withhold confirmation of sale if to confirm would work gross inequity."

See, also, 19 R. C. L. 581.

The agreement to settle and release the judgment for an amount less than was due thereon was incapable of enforcement for the reason that plaintiff was prohibited by statute from making such settlement; nevertheless, plaintiff retained defendants' $600 payment on the settlement for about a year and during the time did not disavow the agreement for settlement or make any effort to have their motion to confirm sale acted upon. During that time defendants made expenditures to secure, perfect and protect title to the land in reliance on the agreement. It is ap-

parent from the conduct of the parties that both the plaintiff and defendants, as said by the trial court, thought they had authority to carry out their agreement for settlement of the judgment. Upon determination by plaintiff, after a long lapse of time, that the agreed amount would not or could not be accepted by plaintiff in settlement of the judgment, the plaintiff restored defendants' payment, but plaintiff did not and could not restore the expenditures defendants made in reliance on the agreement. On the other hand, when it had been determined that plaintiff could not lawfully carry out the agreement, defendants offered to make plaintiff whole by payment of the full judgment indebtedness and all interest and costs.

It appears that all parties were in good faith in making the agreement to settle and neither party is at fault for failure of the agreement. But because of the agreement defendants made expenditures that obviously would not have been made had plaintiff at that time been diligent in seeking confirmation of sale instead of entering the negotiations to settle the judgment. To now confirm the sale will make certain a loss of these expenditures by defendants, and which amounts are over and above the obligations assumed by them under the original mortgage contract. To con-

firm the sale will afford plaintiff an opportunity to secure profits over and above the amount contemplated by the mortgage contract. To withhold confirmation of sale will not retard the plaintiff in their effort to collect the judgment indebtedness, for a condition of withholding confirmation is the forthwith payment of that indebtedness and all costs in full. To withhold confirmation will afford defendants an opportunity to protect investments made in reliance upon a course of conduct by plaintiff whereby defendants were led to believe that the judgment would be released and the sale thus vacated by agreement of the parties.

To now permit plaintiff to pursue a course which compels defendants to sustain a loss and serves no other purpose than to afford plaintiff a speculation for extra profits after plaintiff had induced defendants into that position by promises that could not be carried out, seems unfair and inequitable.

Under all the facts and circumstances in this case, a confirmation of sale would work a gross inequity. The refusal of the trial court to confirm the sale on condition of full payment of the judgment does substantial justice between the parties.

The judgment is affirmed.