## PORCH et al. v. HAYES et al.

No. 33874.   Dec. 12, 1950.

Rehearing Denied July 3, 1951.

Application for Leave to File Second
Petition for Rehearing Denied
Oct. 16, 1951.

*236 P. 2d 240.*

H. B. King and Roy F. Lewis, both Oklahoma City, for plaintiffs in error.

T. J. Lee, Sam Hill, and R. H. Dunn, Oklahoma City, for defendants in error.

HALLEY, J. On April 11, 1925, Kathrine S. Porch and J. L. Porch gave a mortgage on certain lands in Cleveland county to secure a note for $4,000 in favor of the Commissioners of the Land Office of the State of Oklahoma. The note became delinquent. On June 6, 1940, the Commissioners of the Land Office filed suit to foreclose the mortgage in case No. 13784, district court of Cleveland county. J. L. Porch, S. G. Porch, and Nina Isabel Porch, along with others, were made defendants. On March 3, 1941, judgment was taken against J. L. Porch for $4,623.95, with interest and attorney's fee. The decree showed that personal service was had on all defendants except S. G. Porch and Nina Isabel Porch, who were served by publication notice. It foreclosed any interest that any defendant might have in the property.

Kathrine S. Porch had died before this suit was filed. She and J. L. Porch had previously conveyed the land covered by the mortgage to S. G. Porch. As the mortgage waived appraisement, the defendants had six months to pay off the judgment before an order of sale would issue. Nothing was paid, so on January 21, 1942, under proper proceedings, the land was offered for sale at sheriff's sale and the plaintiff bid the property in at $4,000. On April 13, 1942, the plaintiffs in that case assigned their bid to G. R. Hayes for $4,000 and all costs of the action, reserving to the State of Oklahoma the amount of the

deficiency judgment of $623.95 with interest at 10 per cent.

Thereafter, on the 23rd day of April, 1942, on proper motion, the court confirmed the sale to G. R. Hayes, thereby approving the aforesaid assignment; and sheriff's deed was duly issued to the purchaser, the said G. R. Hayes.

On June 7, 1948, S. G. Porch and Nina Isabel Porch filed a separate action to set aside execution sale and deed in the foreclosure case and for a writ of mandamus to require the Commissioners of the Land Office to take the necessary steps to set aside the sheriff's deed in case No. 13784, district court of Cleveland county, and for other relief. An alternative writ of mandamus was issued against the Commissioners of the Land Office, its secretary and attorney. On the hearing of the same the court sustained a demurrer to the plaintiffs' evidence and entered judgment for the defendants, from which judgment the plaintiffs have appealed.

There are two propositions urged for reversal, which are:

"1. The sale of the property has never been completed and the title to the land is still in the State of Oklahoma.

"2. This is a proceeding in mandamus directed to the Commissioners of the Land Office, the delegated authority for managing and preserving the School Funds and lands to undo any unlawful and illegal act performed by that Commission in the sale of land without authority of law and against the legislated rules and regulations prescribed as inhibitions. It is a challenge to the right and authority of the Commissioners of the Land Office, a created entity, to act as individuals regardless of such delegated authority and inhibitions without restraint."

These propositions are argued together. Under State ex rel. Commissioners of Land Office v. Schneider et ux., 198 Okla. 697, 181 P. 2d 975, title to the land here in question was never vested in the Commissioners of the Land Office, and for that reason the requirement that 40 per cent of the mineral rights in lands sold by the Commissioners should be retained to the state does not apply.

No authority is cited in which the right to assign a bid at foreclosure sale is challenged. The bid of the state at the foreclosure sale was the highest if not the only bid made. No one was on hand to pay more than the state bid. There is no duty on the commissioners to take title in every case in which they have sought foreclosure. They can let the land go to the highest bidder other than the state if they choose to do so.

The plaintiffs in this case are seeking extraordinary relief. They are asking that the Commissioners of the Land Office be made to renege on a transaction wherein no fraud is proved, and to set aside a sale made more than five years prior to the filing of the mandamus action. To do this they must have a clear legal right, which we believe does not exist under the facts of this case. We have said many times that a writ of mandamus will not be awarded unless the relief sought is clear and free from doubt. Jones v. Sneed, Sec'y. of State, 101 Okla. 295, 225 P. 700.

The Commissioners of the Land Office have certain discretionary powers. They had the duty to decide whether the state should get its money out of the mortgaged premises immediately or whether the state should take title to the property and sell it later. In Champlin v. Carter, 78 Okla. 300, 190 P. 679, we would not grant a writ of mandamus to control the discretion of an executive officer in the discharge of those duties which involved the exercise of his judgment and discretion in the construction of the law or in determining the effect of the facts. We do not think a writ should have been granted here.

The action of the trial court is affirmed.

DAVISON, C.J., and CORN, LUTTRELL, JOHNSON, and O'NEAL, JJ., concur. ARNOLD, V.C.J., and GIBSON, J., dissent.

## On Petition for Rehearing.

GIBSON, J. (concurring specially). I concur in the majority opinion in so far as it affirms the judgment of the trial court in denying the writ of mandamus. The plaintiffs did not show that they had a clear legal right to the relief sought.

It appears from the record of the foreclosure proceedings in cause No. 13784 which was introduced in evidence that the mortgage therein foreclosed contained a waiver of appraisement and that the mortgage as an exhibit thereto was by the terms of the petition made a part thereof. It further appears that in the judgment of foreclosure the court expressly found that the mortgage contained a waiver of appraisement and ordered the property sold, as is in such case by the statute made and provided. There is no basis for the allegation that the judgment is void. By reason of the time elapsing between the date of the judgment and the filing of the instant action, the determination of the court on the question of the waiver of appraisement is not subject to attack. The judgment being valid, both the title and right of possession of plaintiffs would be determined upon the confirmation of a sale of the lands had in pursuance thereof. Such is true because with such confirmation their title and right of possession by operation of law became vested in the purchaser. Brown v. State Nat. Bank of Shawnee, 133 Okla. 173, 271 P. 833; Myers v. Carr, 173 Okla. 335, 47 P. 2d 156; Baker v. Home Building & Loan Ass'n, 179 Okla. 218, 65 P. 2d 169; Jelks v. Aetna Life Ins. Co., 134 Fed. 2d 870; 59 C.J.S. 1370, §746. The very fact of the vesting of the title in the state on the confirmation, which is a prerequisite of the alleged unlawful transfer, had the effect of extinguishing any and all right of plaintiffs in and to the premises. Hence, the wrong, if any, to plaintiffs resulting from the unlawful sale, is no different from that suffered by other citizens of the state. The application for the writ of mandamus does not purport to be an attempt on behalf of the public to enforce a duty owing to the public and is not to be considered as such. It is made on the basis of an alleged interest of the plaintiffs in the land and for the purpose of aiding in the recovery thereof. Since it appears that plaintiffs were divested of all right in and to the premises upon the confirmation of the sale, it follows there is no showing of a clear legal right to relief which is required in order to justify the issuance of the writ. State ex rel. Chaffin v. Excise Board of Okmulgee County, 172 Okla. 425, 45 P. 2d 480.

But I do not concur in the majority opinion wherein it holds that the Commissioners of the Land Office, after becoming the successful bidder for the mortgaged premises at the foreclosure sale, could legally assign its bid in the manner followed in the foreclosure proceeding.

On March 3, 1941, plaintiff, Commissioners of the Land Office, was awarded a personal judgment against J. L. Porch and a decree declaring same to be a first and prior lien upon the land and further ordering that in event defendants failed for a period of six months to pay the judgment that order of sale issue providing for sale without appraisement, and that upon such sale and confirmation thereof the defendants be barred from claiming any right in or to the lands. On order of sale, issued after the lapse of said period, the land was offered for sale on January 21, 1942. The sheriff's return recites a sale to the State of Oklahoma for the sum of $4,000 to be applied upon plaintiff's judgment. The return was filed on January 21, 1942, and, on the same day, the State on relation of the Commissioners of the Land Office filed its motion to confirm the sale. Thereafter, on April 13, 1942, the Commissioners of the Land Office, for a cash consideration of $4,000, undertook in writing to assign to G. R. Hayes, a defendant herein, as follows:

" . . . do hereby sell, assign, transfer and set over to the said G. R. Hayes,

and his assigns, the said bid of Four Thousand ($4000.00) Dollars heretofore made by the State of Oklahoma at the Sheriff's Sale of said real property aforesaid with the further right and privilege to have said sale confirmed by the Court in the name of the said G. R. Hayes, assignee, and the undersigned respectfully request and authorize the Judge of the District Court within and for Cleveland County, State of Oklahoma, to direct the Sheriff of Cleveland County, State of Oklahoma, to issue Sheriff's Deed covering the said above described real property to the said G. R. Hayes, when and if said sale be confirmed."

Thereafter, on April 23, 1942, said Hayes filed said assignment in court and with it an instrument denominated "Supplemental Motion to Confirm Sale", wherein he prays that the sale be confirmed in his name and that the sheriff's deed conveying the lands be made to him as grantee. Upon consideration thereof the court found that the sale should be confirmed in the name of Hayes, confirmed generally the sale as made by the sheriff, and directed that the deed for the premises be executed to Hayes, which was done.

It is admitted that a person who purchases at a foreclosure sale may assign his bid and that the court may confirm the sale to the assignee, if there be no restraint or restriction upon his making such assignment. The Commissioners of the Land Office, however, can dispose of school lands and interests in lands belonging to the state only in the manner provided by statute.

The bidder at a foreclosure sale becomes subject to the power of the court to exact compliance with his bid on confirmation of sale and in the meantime he can do nothing to disturb such power. 59 C.J.S. 1350, §743; 42 C. J. 217, §1849; 31 Am. Jur. 478, §147, and 515, §214.

The purchaser has the right to ask confirmation and same should not be refused by the court except for substantial reasons. 31 Am. Jur. 459, §116.

The most that can be said of the assignment under consideration is that it transferred to Hayes the right to ask for and obtain through the confirmation that title which otherwise would have accrued to the state upon such confirmation. The assignment recognizes that the state was the purchaser at the sale and that such sale would be confirmed. Such sale was confirmed but in the name of Hayes. The court could have ignored the assignment had it seen fit. In my opinion, confirming the sale in the name of Hayes did not in contemplation of law make him the purchaser at the sale but only substituted his name for that of the purchaser because by reason of the assignment, if valid, he was entitled to receive that which the purchaser was entitled to receive on the confirmation. In other words, the equitable title to the land on confirmation is to be considered as passing through the state to its assignee. If these views are correct the transaction between the School Land Commission and Hayes is clearly a violation of the statute.

Apart from what has been said, I am of the opinion that the Commissioners of the Land Office are not vested with a discretion to do as was done in the instant case. The powers of the Commissioners are powers in trust. They may determine whether it is in the interest of the trust to buy or not to buy. But where they buy they must do so with a view to acquiring the title because they deem it proper so to do in interest of the trust. Hence, where on bidding they acquire rights as purchasers, such rights are, in my opinion, inseparable from the purpose for which they were acquired in absence of specific authorization to the contrary. If, after making the bid the Commission deemed the bid unwise and that it would be more to the advantage of the trust that another buy the property, they could ask permission to withdraw and let the court make sale of the premises to another. To hold that the Commission, as here, can bid in the property and traffic with the value thereof while its

title is held in abeyance free from the limitations that would obtain when title had been vested, would, in my opinion, be equivalent to saying the Commission is authorized to do indirectly what they are inhibited from doing directly.

ARNOLD, C. J., concurs in these views.