R. C. RYBURN et al., Plaintiffs,

v.

BOARD OF PHARMACY OF the STATE of Oklahoma, Deane D. Raley, President, Gordon Richards, Vice President, Eric Murray, Treasurer, O. C. Bogdahn, Member, and William J. Vickers, Secretary, Defendants.

No. 39118.

Supreme Court of Oklahoma.

July 1, 1960.

Rehearing Denied Aug. 4, 1960.

I. Jake Blevins, Ada, for plaintiffs.

Mac Q. Williamson, Atty. Gen., Fred Hansen, First Asst. Atty. Gen., for defendants.

JOHNSON, Justice.

This is an application of R. C. Ryburn, et al., plaintiffs to this Court, to assume original jurisdiction in the cause between the plaintiffs and the State Board of Pharmacy, wherein the plaintiffs apply for a writ of mandamus directed to said Board and requiring them to set a date for an examination for the plaintiffs, and each of them, and to give said examination on the date so set; and to register and license said plaintiffs as assistant pharmacists in the manner prescribed by the laws of the State of Oklahoma in Title 59 O.S.1951 § 331 et seq.

Applicants contend that the question involved is one of great public importance, and that they have no plain, complete and adequate remedy at law, and that unless this court assumes original jurisdiction and grants the relief sought the plaintiffs will suffer irreparable injury.

■■ It is conceded that this court may assume original jurisdiction in instances where there is a clear legal right to the relief sought, and by the writ of mandamus compel the performance of any act which the law specifically enjoins as a duty upon the State Board of Pharmacy, 12 O.S.1951 § 1451.

However, since mandamus is not a writ of right, but one resting within the sound discretion of the court, the writ will not be granted if the relief sought is not clear and free from doubt. Porch v. Hayes, 205 Okl. 194, 236 P.2d 240; and a writ of mandamus will not be issued to command or control public officers or boards in the discharge of their duties, which involve the exercise of their judgment and discretion in matters which are placed under their authority and control. Id.

Bearing in mind these applicable rules we will examine the statute appertaining to the licensing of "assistant pharmacist."

Section 335, 59 O.S.1951, provides as follows:

"'Assistant pharmacists' in the meaning of this Article, shall comprise all persons regularly registered as licentiates in pharmacy in the State of Oklahoma for the year ending March 1, 1909, who have been authorized to assist in the dispensing and compounding of physicians' prescriptions under the supervision of a properly qualified person; *and all persons over eighteen years of age, having two years practical experience in the compounding and dispensing of physicians' prescriptions, who shall pass such examination as the State Board of Pharmacy shall require.* Assistant pharmacists shall not be permitted to conduct or manage a pharmacy on their own account, or assume the management of such business for others." (Emphasis supplied.)

The history of this statute discloses that it was enacted in 1897, and that it has remained unchanged except that in 1910 the words March 1, 1909, were substituted for July 1, 1897.

R. C. Ryburn and one hundred and six others filed identical applications with the Pharmacy Board. Ryburn's application reads as follows:

"April 11, 1960
"To the Honorable State Board of Pharmacy
State Capitol Building
Oklahoma City, Oklahoma

"Re: Application for Registration Certificate for a License as an Assistant Pharmacist

"Gentlemen:

"I, Richard Curtis Ryburn, do hereby make formal application to this board for a registration certificate and license authorizing me to become an Assistant Pharmacist under the laws of the State of Oklahoma and will thereby entitle me to assist in compounding the physicians prescriptions in the State of Oklahoma.

"I hereby certify that I am 44 years of age and have had 13 years practical experience in the compounding and dispensing such physicians prescriptions, under the legal supervision of a registered phramacist in the State of Oklahoma and in a drug store legally authorized to dispense and compound said physicians prescriptions.

"Enclosed please find my personal check in the amount of $16.00 to cover the registration fee of $10.00 and the $6.00 annual fee provided for under the laws of the State of Oklahoma.

"Respectfully submitted,
"Richard Curtis Ryburn

"Subscribed and sworn to before me, a notary public, in and for the State of Oklahoma.

"Theresa Conway
"Notary Public
"(Seal)

"My commission expires: 8–7–61."

The only difference in the application of plaintiff R. C. Ryburn and the other 106 applicants is the ages of the applicants and the number of years of practical experience each had had, but all were over eighteen years of age, with more than two years of practical experience which is required under Sec. 335, 59 O.S.1951, supra.

The present Board has never formulated an application blank nor held an examination to determine the qualifications of assistant pharmacists; and so far as the record discloses no one previous to the present applicants has ever applied to this Board for permission to take the examination provided for such applicants under Sec. 335, supra. Therefore, the question raised by plaintiffs is one of first impression.

Plaintiffs contend that their applications were sufficient to invoke the application of the pertinent statutes, supra.

However, the defendants aver that such applications were insufficient in that they did not show where the alleged "practical experience" was had, or whether said experience was continuous; that they did not give the name or names of the pharmacist or pharmacists who supervised said experience or the manner or extent of said supervision; that they did not mention whether or not the "practical experience" was obtained while employed as a "drug clerk" by said pharmacist; or the name or names and location of the drug store or drug stores wherein said experience was had; arguing that in the absence of such information the laws of this state did not enjoin upon the Board of Pharmacy the duties contended for by the plaintiffs.

Defendants admit that the question involved is one of public importance not only to the public but to the other registered pharmacists and the two assistant pharmacists now licensed and practicing in this state as well as to the many citizens needing the services of qualified pharmacists, but ask us, in the event that we assume original jurisdiction, to deny the writ of mandamus prayed for by plaintiffs.

It is argued, if not virtually admitted, that under Sec. 335, supra, that if assistant pharmacists were over the age of eighteen years and had *lawfully* had "two years practical experience in the compounding and dispensing of physicians' prescriptions" as provided in Sec. 335, supra, they were entitled to be examined, and upon passing said examination to be licensed as assistant pharmacists but would not be permitted to conduct or manage a pharmacy on their own account or assume the management of such business for others.

The form and substance of the applications is not seriously contested, and plaintiffs concede that they, as applicants, would be required to take the examination prescribed by the Board, and that said Board would have discretion in prescribing the examination (inherent in the statute) for them and that they must satisfactorily pass said examination in order to obtain a registration certificate and license as an assistant pharmacist. Therefore, the only issue before us is whether under the law as it now exists these plaintiffs have any right to take an examination as prescribed by Sec. 335, supra. If they do, then a writ of mandamus should be granted because in the Board's response it indicates that unless directed by this Court to do so the Board will not act on the plaintiffs' applications.

We think that the applications meet the requirements of Sec. 335, supra, notwithstanding the fact that the Board contends that the applicants should have been more definite and certain as to where and when they obtained the required *lawful experience,* with emphasis upon the word lawful. Such matters are only supplementary and not mandatory. And, also, it is noted that the statute provided for "two years practical experience" with no limitations on where (it may have been in some other state) or when obtained. Admittedly, there are "two licensed assistant pharmacists" in the state at this time.

The law as it was written in 1897 (Sec. 335, supra) and as carried down through the years in the recodification of our statutes does not require more than the present applications contained. If the legislature required more for assistant pharmacists, it could have so provided. Or the legislature could have repealed the 1897 statute, but it did not, or has not, so both the Pharmacy Board and this Court are bound by the law as it is.

For the reasons given herein we assume jurisdiction and the writ of mandamus is granted, with directions to the Board of Pharmacy of the State of Oklahoma to accept and process the applications of plaintiffs herein, and to conduct an examination for all qualified applicants within a reasonable time, not to exceed ninety days from date of this writ.

DAVISON, C. J., WILLIAMS, V. C. J., and BLACKBIRD and BERRY, JJ., concur.

IRWIN, J., concurs in result.

JACKSON, J., dissents.

Supplemental Opinion on Rehearing

PER CURIAM.

The defendants in their petition for rehearing, for the first time, raise the question that the opinion is in conflict with 59 O.S.1951 § 344, the material part of said section being as follows:

" * * * The examining board shall in all cases require each applicant to file his written declaration duly sworn to the effect that he does not habitually use vinous, malt or alcoholic liquors as a beverage, and that he has never been illegally engaged in the business of selling liquors in the State of Oklahoma. * * * "

We hold that this section does not affect the result of the original opinion, but we hold that the applicant, in each case, should be required to file a supplemental affidavit to meet the requirements of 59 O.S.1951 § 344.

Since the original opinion was adopted and promulgated the Board of Pharmacy of

the State of Oklahoma, as required by statute, has prepared a suitable application form for assistant pharmacist by examination. We find and hold the form and contents of this application to be reasonable and proper and that the applicants shall be required to comply therewith.

Upon such compliance and the filing of such affidavits with the State Board of Pharmacy the original opinion will stand approved and the petition for rehearing denied.

DAVISON, C. J., WILLIAMS, V. C. J., and JOHNSON, BLACKBIRD and BERRY, JJ., concur.

IRWIN, J., concurs in result.

HALLEY and JACKSON, JJ., dissent.