William B. BURGER, Plaintiff in Error,

v.

Gorden RICHARDS, Eric Murray, Deane D. Raley, and R. J. McInnis, Defendants in Error.

No. 39888.

Supreme Court of Oklahoma.

April 9, 1963.

Murray Cohen, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Fred Hansen, First Asst. Atty. Gen., for defendants in error.

IRWIN, Justice.

William B. Burger, a Graduate Registered Pharmacist, commenced proceedings against the Members of the Board of Pharmacy of the State of Oklahoma, to enjoin the board from completing the examination of applicants for licenses as assistant pharmacists, and from licensing assistant pharmacists who successfully passed the examination, and to enjoin other acts of the board. The trial court sustained a demurrer to plaintiff's petition and upon plaintiff's election to not plead further, the action was dismissed. Plaintiff appeals from the order dismissing his action.

Plaintiff contends that Title 59 O.S.1951 § 335, which relates to the qualifications, examination and licensing of assistant pharmacists, was repealed by enactment of House Bill No. 655 of the Twenty-Eighth Legislature and there are no existing statutory provisions relating to the examining and licensing of assistant pharmacists.

House Bill No. 655, supra, became effective May 22, 1961, and Section 10 thereof provided: "'Assistant Pharmacists' shall mean any person presently licensed as an Assistant Pharmacist in the State of Oklahoma. Assistant Pharmacists shall not be permitted to conduct or manage a Pharmacy." However, Sec. 10, supra, was amended by enactment of Senate Bill No. 405, which became effective July 27, 1961, the same being Title 59 O.S.1961 § 353.10, which provides:

"'Assistant pharmacist' shall mean any person presently licensed as an assistant pharmacist in the State of Oklahoma; provided, however, that any person who prior to the effective date of House Bill No. 655 of the Twenty-eighth Oklahoma Legislature filed a proper application under then existing law to be examined as an assistant pharmacist, which application was accompanied by the proper examination fee under said law and who was otherwise qualified thereunder, will be entitled to take such an examination and,

if he passes, to be licensed as an assistant pharmacist. * * *"

It is apparent that the above quoted section, which amended Sec. 10 of House Bill 655, did not exclude those who were eligible to take the examination prior to the enactment of House Bill 655, but specifically included any person who, prior to its effective date, had "filed a proper application under the then existing law to be examined as an assistant pharmacist, which application was accompanied by the proper examination fee under said law and who was otherwise qualified thereunder." It is by virtue of this provision that the examinations in the instant action were conducted. Therefore, we can not sustain plaintiff's contention that existing laws have no provisions for the examination and licensing of assistant pharmacists.

Plaintiff proposes that the legislative enactment is an illegal delegation of legislative authority as it does not contain the necessary legal standards. In this connection it is urged that the legislature did not prescribe the examination to be given but provided that the applicants "shall pass such examination as the State Board of Pharmacy shall require"; that the personal intentions, character, good faith or sound purpose of the members of the board in no way affect the validity of a legal standard; and that plaintiff's profession as a pharmacist is both a property and personal right and to allow unqualified men to practice the pharmacy profession is not only a deprivation of his personal and property rights, but a fraud on the public.

Without question, the State in the exercise of its police power has the right to regulate any and all occupations and/or professions for the protection of the lives and health of its people. The sale, purchase and compounding of medicines is a business, subject to regulation under the state's police power, by appropriate legislation to the extent reasonably necessary to protect the public health. The profession of pharmacy, by reason of the peril to health or life, is a legitimate field for a state to exer-

cise its police powers. See 17A Am.Jur., Drugs and Druggist, Secs. 8 and 13.

In the enactment under consideration, the Legislature prescribed the "legal standards" before an individual would be eligible or qualified to take an examination for a license as an assistant pharmacist. However, the Legislature delegated to the board the authority to determine the examination that applicants must pass before being entitled to such license. The membership of this board is prescribed by Title 59 O.S.1961 § 353.3, which provides:

"The Board of Pharmacy shall consist of five (5) persons who have been registered not less than five (5) years, who are members of the pharmaceutical association and actively engaged in the practice of retail pharmacy within this State for a period of not less than five (5) years, * * *."

In Schmitt v. Hunt, Okl., 359 P.2d 198, we held:

"Power to determine the policy of the law is primarily legislative, and cannot be delegated, whereas the power to make rules of a subordinate character in order to carry out that policy and apply it to varying conditions, although partaking of a legislative character, is in its dominant aspect administrative and can be delegated and the Legislature may delegate the power to determine some fact or state of things upon which the law makes its own operation depend."

In Ryburn v. Board of Pharmacy of the State of Oklahoma, Okl., 354 P.2d 423, this Court held that where an applicant possessed the statutory requirements to take an examination for a license as an assistant pharmacist, that such applicant was entitled to take an examination within a reasonable time under the direction of the board. The same "legal standards" as prescribed by the Legislature when that opinion was promulgated are the same legal standards under consideration and in that case, as here, the applicants "shall pass such examination as the State Board of Pharmacy shall require."

Whether or not an applicant for a license as an assistant pharmacist has the necessary qualifications to practice their profession if they successfully pass the examination as required by the board is a legislative matter and not a judicial issue, so long as the qualifications prescribed by the Legislature and the examination do not invade inherent or constitutional rights.

■ Where the Legislature has prescribed the necessary legal standards relating to the qualifications of an applicant for a license as an assistant pharmacist, and has delegated to the State Board of Pharmacy the power and authority to prescribe the examination that the applicant must pass before he is eligible for a license, such enactment does not constitute an illegal delegation of legislative authority although determining the examination that must be passed may partake of a legislative character, since such determination is in its dominant aspect administrative.

■ In considering plaintiff's other specfications of error we must be mindful of the fact that the trial court sustained a demurrer to plaintiff's petition. Under such circumstances, the demurrer admitted all allegations of fact well pleaded in plaintiff's petition and all inferences reasonably deducible therefrom. However, an examination of plaintiff's petition discloses the allegations are not allegations of fact but mere conclusions of law. Therefore, the rule that a demurrer admits all allegations of fact well pleaded and all reasonable inferences reasonably deducible therefrom is not applicable in the case at bar as a demurrer does not admit facts which are not pleaded or conclusions of law to which it is addressed. See The Executive Committee of American Legion, etc. v. Hardy, Okl., 300 P.2d 663; and Kay Pharmacal Company v. Dalious Construction Company, Okl., 276 P.2d 756.

We have examined the record herein and from such examination we can not con-

clude the trial court committed prejudicial error or that substantial justice has not been done.

The judgment of the trial court sustaining the demurrer to plaintiff's petition and dismissing the action is affirmed.