In re Kimberly M. FAULKNER, Debtor.

Bankruptcy No. 99–16462–TS.

United States Bankruptcy Court, W.D. Oklahoma.

Oct. 1, 1999.

Mark L. Hoose, Edmond, OK, Kevin Blaney, Oklahoma City, OK, for creditor.

J. Clark Jolley, Oklahoma City, OK, for debtor.

### *ORDER REGARDING RELIEF FROM AUTOMATIC STAY AND FOR ABANDONMENT OF PROPERTY*

JOHN TeSELLE, Bankruptcy Judge.

Debtor filed for relief under Chapter 13 of the Bankruptcy Code on July 20, 1999. On July 28, 1999, David Braly and Tammy Braly (hereinafter "Movants") filed a **Motion for Relief from Automatic Stay and for Abandonment of Property** (hereinafter the "Motion for Relief") to which Debtor objected. The Court conducted a hearing in this matter on August 24, 1999, and took the matter under advisement. Having reviewed the pleadings, arguments of counsel, and the pertinent statutory and case law, the Court rules as follows.

### *Facts*

The facts in this case are quite simple and undisputed. On March 13, 1997, a

loan was made by CIT Group/Consumer Finance, Inc. (hereinafter "CIT"), to Debtor for the purchase of a home, in return for which Debtor gave CIT her note and a purchase money mortgage on what became her homestead.[1] Debtor later defaulted on the note and CIT brought an action to foreclose its mortgage, which resulted in a judgment in favor of CIT. Movants were the highest bidders at the Sheriff's sale of the real property. Thereafter, but before the sale was confirmed, Debtor filed for bankruptcy under Chapter 13 of the Bankruptcy Code.

### Contentions of the Parties

The Motion for Relief urges the Court to allow Movants and CIT to exercise their rights to complete the foreclosure proceedings under applicable state law, including all necessary actions to obtain possession of the property. Movants and CIT argue that even without confirmation, Debtor is left with only the right to redeem the property. Debtor objected to the Motion for Relief, arguing that it has long been the law in this District that a debtor is permitted to cure any arrearage and reinstate the mortgage at any time prior to confirmation of the Sheriff's sale.

### Applicable Statutory Law

In 1994, Congress amended the Bankruptcy Code to include § 1322(c). Section 1322(c) provides:

(c) Notwithstanding subsection (b)(2) and applicable nonbankruptcy law—

(1) a default with respect to, or that gave rise to, a lien on the debtor's principal residence may be cured under paragraph (3) or (5) of subsection (b) until such residence is sold at a foreclosure sale that is conducted *in accordance with applicable nonbankruptcy law*. . . .

11 U.S.C. § 1322(c)(1) (emphasis added by the Court).

Oklahoma law provides:

. . . [upon confirming the sale the court] shall order that the officer make to the purchaser a deed for such lands and tenements; and the officer, on making such sale, shall deposit the purchase money with the clerk . . . [who] shall pay the same to the person entitled thereto. . . . 12 O.S. § 765 B.

■ Thus the officer conducting the auction of the property becomes a stakeholder and can not deliver a deed to the buyer nor deliver the purchase money to the lien holder, or other party entitled thereto, to complete the sale until the auction proceedings are confirmed by the court.

### Discussion

■ For over half a century, Oklahoma decisional law has held that a foreclosure sale is not complete, in fact not a sale, until it is confirmed by a Court. In *State Comm'rs of Land Office v. Schneider*, 198 Okla. 697, 181 P.2d 975, 978 (1947), the Oklahoma Supreme Court wrote: "A foreclosure sale is not fully a sale until confirmed by a court order." Since then, the state's high court has repeatedly reaffirmed that proposition: "[A] judicial sale on foreclosure is neither conclusive nor binding in the sense of transferring legal title to the purchaser until it is effectively confirmed." *Sooner Fed. Savs. and Loan Assoc. v. Oklahoma Central Credit Union*, 790 P.2d 526, 529 (1989).

■ That the 1994 addition of § 1322(c) to the Bankruptcy Code has not affected this long standing rule in Oklahoma is persuasively set forth by Judge Paul B. Lindsey in *In re Rambo*, 199 B.R. 747 (Bankr.W.D.Okla.1996), wherein he reiterated that, under Oklahoma law, where confirmation is a required step in the process of a foreclosure sale, the sale is not complete until it is judicially confirmed. In *Rambo*, Judge Lindsey canvassed the leg-

---

**1.** The home's location is: Lot Two (2) in Block Six (6), of Cheyenne Ridge 2nd Addition to the City of Edmond, Oklahoma County, Oklahoma, as shown by the recorded plat thereof. Address: 3626 Marked Tree, Edmond, Oklahoma 73013.

islative history of the statute, its remedial purpose, *Collier's on Bankruptcy*, the Congressional purpose and intent, and the philosophical underpinnings of the Bankruptcy Code. Finally, Judge Lindsey held that: "It appears obvious that a foreclosure sale can not be found to have been 'conducted in accordance with applicable nonbankruptcy law' until it is established that all steps required by that law in order to complete and validate the sale have been taken." *Id.* at 751.

Judge Lindsey is far from alone in that view. In *Crawford v. First Nationwide Mtg. Corp. (In re Crawford)*, 217 B.R. 558, the District Court for the Northern District of Illinois addressed precisely the same issue, stating:

> In Illinois it is clear that a judicial sale is not complete until it has been approved by the trial court.... The highest bid received by a sheriff at a judicial sale is merely an irrevocable offer to purchase the property and acceptance of the offer takes place when the court confirms the sale....

217 B.R. at 560 (N.D.Ill.1998).

Addressing the contention that the actual date of the foreclosure auction is mandated by § 1322(c)(1), the *Crawford* court wrote: "But for that view to prevail, ... Congress must recast Section 1322(c)(1) to mandate the use of the auction date ..." *Id.* Numerous bankruptcy courts agree. *See, Schinck v. Stephens (In re Stephens)*, 221 B.R. 290, 297 (D.Me.1998) (regarding 1322(c)(1): "Plainly Not Preemption"); *see also, In re Downing*, 212 B.R. 459, 461 and 464 (Bankr.D.N.J.1997) (noting the prior divergence of opinion within New Jersey, the District Court held the sale incomplete until delivery of sheriff's deed); *In re Beeman*, 235 B.R. 519, 525 (Bankr.D.N.H. 1999) ("Congress intended state law to be determinative of when a foreclosure sale is complete"); *In re Jaar*, 186 B.R. 148, 153 (Bankr.M.D.Fla.1995) (must look to state

law to determine when a § 1322 foreclosure sale is complete); *In re Barham*, 193 B.R. 229, 232 (Bankr.E.D.N.C.1996) (holding that a property is not "sold" until the sale is completed).

The principal case upon which Movants rely is a recent case which arose in Wyoming, *McCarn v. WyHy Federal Credit Union*, 218 B.R. 154, 160 (10th Cir. BAP1998). On facts similar to those in this case, the Bankruptcy Appellate Panel for the 10th Circuit held that under § 1322(c) the debtor's right to cure the default was cut off. However, the reported cases from courts that have examined *McCarn* have found its reasoning unpersuasive. *See, In re Jones*, 219 B.R. 1013 (Bankr.N.D.Ill.1998); *In re Stephens*, 221 B.R. 290 (Bankr.D.Me.1998); *In re Tomlin*, 228 B.R. 916 (Bankr.E.D.Ark.1999). While such may be the law in Wyoming, a state which does not require the confirmation of a foreclosure sale,[2] the BAP's ruling in *McCarn* is not applicable to cases arising in Oklahoma where confirmation is required to complete the sale.

In addition to the *McCarn* decision, Movants also rely upon *Commercial Fed. Mortgage Corp. v. Smith*, 85 F.3d 1555 (11th Cir.1996). Their reliance is misplaced. Although excerpts from that case suggest that the debtor's rights are cut off prior to confirmation, a close reading reveals otherwise. That case found as a preliminary matter that, under Alabama law, a mortgagor's statutory right of redemption was a personal right. Conversely, Oklahoma law has long been that the statutory right of redemption is a property right. "The power of redemption which our statute confers upon [a] mortgagor is regarded as a substantive property right." *Coursey v. Fairchild*, 436 P.2d 35, 38 (Okla.1967). Also, although the *Smith* case addressed similar issues, it did not discuss § 1322(c).

**2.** "The Wyoming Courts have not directly addressed when property is 'sold' at a foreclosure sale. However, in Wyoming, there is no requirement that a foreclosure sale be confirmed or approved by a court." *McCarn* at 161.

*Decision*

The foreclosure sale not having been completed at the time Debtor filed her Chapter 13 bankruptcy petition, § 1322(c) did not cut off her right to cure the default. Therefore, the Motion for Relief from the automatic stay is denied.

IT IS SO ORDERED.