**In re Maurice B. SPENCER, Debtor.**

**No. 01 B 02225.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

June 5, 2001.

228

Thomas Britt, Tinley Park, IL, for debtor.

Tom Vaughn, Chicago, IL, trustee.

## OPINION

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

This matter comes before the Court on the motion of PRINCIPAL RESIDENTIAL MORTGAGE, INC. (PRINCIPAL RESIDENTIAL) to modify the automatic stay or alternatively, to deny confirmation and dismiss the case.

On January 12, 2001, in an action to foreclose its mortgage on the property of the Debtor, Maurice B. Spencer (DEBTOR), the property was sold to PRINCIPAL RESIDENTIAL, at a regularly scheduled foreclosure sale, for the amount of its debt. Eleven days later, the DEBTOR filed a Chapter 13 petition, proposing to cure the mortgage default through his Chapter 13 plan. Taking the position that the DEBTOR no longer has a right to cure the arrearage under § 1322(c)(1) after the foreclosure sale was held, PRINCIPAL RESIDENTIAL requested relief from the stay to proceed with the foreclosure in state court. PRINCIPAL RESIDENTIAL also objected to confirmation of the DEBTOR'S plan and, alleging that the case was filed in bad faith, requested that the case be dismissed. A hearing was held and the matter was taken under advisement.

At issue is the interpretation of § 1322(c)(1) of the Bankruptcy Code, which provides that "a default with respect to, or that gave rise to, a lien on the debtor's principal residence may be cured under paragraph (3) or (5) of subsection (b) until such residence is sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law." 11 U.S.C. § 1322(c)(1). Though this provision, amended in 1994, was intended to clarify the point in time at which the debtor no longer has a right to cure the default, its interpretation remains the subject of dispute, especially in this district. Judge Doyle recently collected the conflicting decisions in *In re Newburn*, 2001 WL 101733 (Bankr.N.D.Ill.), noting:

There has been considerable disagreement among bankruptcy judges and district judges in this district regarding whether a debtor can cure a mortgage default after a mortgage foreclosure sale has occurred but before the sale has been confirmed by the state court. *Compare In re Crawford*, 217 B.R. 558, 559 (N.D.Ill.1998) (Shadur, J.) (debtor's residence is not "sold at a foreclosure sale" under 11 U.S.C. § 1322(c)(1) until the sale has been confirmed), *rev'g In re Crawford*, 215 B.R. 990 (Bankr.N.D.Ill. 1997) (Barliant, J.); *Christian v. Citibank, F.S.B. (In re Christian)*, 214 B.R. 352, 354–55 (N.D.Ill.1997) (Bucklo, J.) (same), *rev'g In re Christian*, 199 B.R. 382 (Bankr.N.D.Ill.1996) (Wedoff, J.); *McEwen v. Federal Nat'l Mortgage Ass'n*, 194 B.R. 594, 596–97 (N.D.Ill. 1996) (Grady, J.) (same); *and In re Jones*, 219 B.R. 1013, 1016 (Bankr. N.D.Ill.1998) (Katz, J) (same); *with In re Danaskos*, 254 B.R. 416, 418–21 (Bankr.N.D.Ill.2000) (Barliant, J.) (real property is "sold at a foreclosure sale" when sold at a foreclosure auction, and thus prior to sale confirmation); *and In re Babington*, Bankruptcy Case No. 00 B 23608 (Bankr.N.D.Ill. Oct. 17) (Barliant J.) (same), *aff'd*, District Case No. 00 C 7555 (N.D.Ill.Dec. 12, 2000) (Andersen, J.).

PRINCIPAL RESIDENTIAL relies upon Judge Barliant's decision in *In re Danaskos*, 254 B.R. 416 (Bankr.N.D.Ill. 2000), in which he adheres to his earlier ruling in *In re Crawford*, 215 B.R. 990

(Bankr.N.D.Ill.1997), which held that the date of the actual foreclosure sale is the cut-off date for curing mortgage defaults, despite reversal of that decision on appeal. *Crawford v. First Nationwide Mortgage Corp. (In re Crawford)*, 217 B.R. 558 (N.D.Ill.1998). Holding that the interpretation of § 1322(c)(1) is a matter of federal law and not one of state law, Judge Barliant concluded:

> All that a federal court applying § 1322(c) of the bankruptcy code needs to know about state law is that new rights are created in the high bidder at the conclusion of the auction. Once it is established that state law creates rights when the gavel comes down, the federal courts should then determine whether there is a federal interest, clearly expressed by Congress, that requires the federal courts to deny or modify those state-created rights.

The federal courts, in other words, should be concentrating on § 1322(c), not state law. The undue emphasis the district court has placed on the *Citicorp* dicta obscures § 1322(c)'s focus on the conduct of a foreclosure sale. Relying on phrases like "true sale in a legal sense" to construe a federal statute's provision about a "sale conducted in accordance with applicable nonbankruptcy law" deflects from the central mission, which is to find and enforce the *intent of Congress*. Bankruptcy Judge Teel got it right in *In re Bobo*, 246 B.R. 453 (Bankr. D.D.C.2000), where he looked to state law only to determine when the purchaser at a foreclosure sale acquired a right to a deed.

> [T]he phrase 'sold at a foreclosure sale' is not to be defined by state law: whether sufficient steps have been taken under state law to deem the property to have been "sold at a foreclosure sale" is a federal question. *United States v. National Bank of Commerce*, 472 U.S. 713, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985) ... The classification question is a matter of federal law applied to rights created by state law. Under *National Bank*, the court must look to the substance of what has transpired under state law, not merely the label that state law places on those events.... That state law may label a foreclosure sale as not completed until some later event such as ... court ratification of the sale is not controlling.

246 B.R. at 457. *See also, McCarn v. WyHy Fed. Credit Union (In re McCarn)*, 218 B.R. 154, 159 (10th Cir. BAP 1998) (stating that it is not necessary to consider state law when determining whether a foreclosure sale had occurred because, "The language of section 1322(c)(1) is clear and unambiguous in establishing the date of the actual foreclosure sale as the cut-off for curing a mortgage default under section 1322(b)....")

*Danaskos*, 254 B.R. at 420.

Finding the district court's misdirection to be in part due to its omission of the Supreme Court's decision in *Butner v. U.S.*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979), which requires that federal courts respect state-created interests unless Congress has directed a different result, Judge Barliant found no federal interest or Congressional direction which would alter the high bidder's acquisition of a legally protected interest at the foreclosure sale. Judge Barliant lifted the stay to permit the state court proceedings to go forward. If the buyers would prevail, taking title to the property, the property would no longer be property of the estate. If the buyers were unsuccessful, the automatic stay would continue in effect. Judge Barliant viewed his ruling as consistent

with *Matter of Williams,* 144 F.3d 544 (7th Cir.1998), where the court held that the bankruptcy court did not abuse its discretion in lifting the stay to permit the landlord to proceed with its forcible entry action in order that the state court could determine if the defenses asserted by the Chapter 13 debtor were meritorious. The Chapter 13 debtor had filed her petition after expiration of the period set forth in the landlord's notice terminating her lease for the payment of her past due rent, and after the landlord's filing of a forcible entry and detainer action.

As noted, a majority of the district judges ruling on the issue have reached the opposite conclusion. *McEwen v. Federal Nat. Mortg. Ass'n,* 194 B.R. 594 (N.D.Ill.1996); *Christian v. Citibank, F.S.B.,* 214 B.R. 352 (N.D.Ill.1997); *Crawford v. First Nationwide Mortgage Corp.,* 217 B.R. 558 (N.D.Ill.1998). These decisions interpret the language of § 1322(c)(1), giving the debtor the right to cure until the residence is "sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law," to encompass the full foreclosure procedure under Illinois law, rather than focusing, as did the bankruptcy court, upon the actual date of the foreclosure sale. In direct conflict with the position taken by the bankruptcy court, the district court finds a strong Congressional intention in amending this provision to aid debtors in their efforts to retain their residences, and defers to the state courts to construe Illinois foreclosure law. Turning to the state courts to define Illinois law, the district court relied upon the pronouncement in *Citicorp Sav. of Illinois v. First Chicago Trust Co. of Illinois,* 269 Ill.App.3d 293, 645 N.E.2d 1038, 206 Ill.Dec. 786 (1st Dist. 1995), that the highest bid at a foreclosure sale is only an irrevocable offer to purchase the property and that a foreclosure sale is not a true sale until the court enters an order confirming the sale. Concluding that it is the entry of the order confirming the sale to the high bidder which terminates the debtor's right to cure the mortgage default, the court addressed the rationale of the bankruptcy court decisions, stating:

> If this action were to be resolved solely in terms of public policy, seeking only to minimize (if not to eliminate) the legitimate and serious concerns voiced by Judges Barliant and Wedoff as to the potential impact of a mortgagor's ability to cure defaults beyond the date of the auction presided over by a special commissioner, the carefully articulated Barliant–Wedoff presentations would seem to have the better of it. But for that view to prevail, either Congress must recast Section 1322(c)(1) to mandate the use of the auction date alone or the Illinois courts must change their tune as to what constitutes the "foreclosure sale." Absent either such change, this Court is simply duty bound to follow the clear teaching of *Citicorp.*

The Illinois appellate court recently reaffirmed this interpretation in *World Sav. and Loan Ass'n v. Amerus Bank,* 317 Ill.App.3d 772, 740 N.E.2d 466, 251 Ill.Dec. 385 (1st Dist.2000), noting that a judicial foreclosure sale is not complete until it is confirmed by the court. Other bankruptcy courts, interpreting similar state laws, have held that a debtor's right to cure is not cut off under § 1322(c)(1) until the order confirming the sale is entered, thereby completing the sale. *In re St. Clair,* 251 B.R. 660 (D.N.J.2000); *In re Faulkner,* 240 B.R. 67 (Bankr.W.D.Okla.1999).

The matter boils down to a question of statutory interpretation. After careful consideration, this Court believes that the better interpretation is that set forth by the district judges in *Crawford, Christian*

and *McEwen* and Judge Katz in *Jones.* The effect of § 1322(c)(1) was to establish an independent right to cure under the Bankruptcy Code, apart from the debtor's right to redeem under state law, which is itself extended by § 108(b). The statute refers to nonbankruptcy law and the Illinois courts have repeatedly enounced that a foreclosure sale is not complete until an order confirming the sale has been entered. Until the foreclosure sale is completed by entry of an order confirming the sale, the Bankruptcy Code affords the debtor a right to cure the arrearage.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

## ORDER

For the reasons stated in an oral ruling made this day, IT IS HEREBY ORDERED that the motion to modify the automatic stay or alternatively, to deny confirmation and dismiss the case, filed by PRINCIPAL RESIDENTIAL MORTGAGE, INC. is hereby DENIED.